SULLIVAN v. DONNELL, *Appellant.*

1. **Tax Deed**: FORM PRESCRIBED: CHARTER OF KANSAS CITY. The statutory form for tax deeds, prescribed by the charter of the City of Kansas (Laws, 1875, p. 233), applies to cases where the property is bid off by the city in the first instance, as well as to those cases where it is purchased by individuals at the tax sale. In the former case the tax deed will vary from the form so far as is necessary to state facts truly.

2. ——— : ——— : ———. The tax deed in this case held fatally defective, because of the omission of the word "publicly," prescribed in the statutory form to indicate the manner of holding the sale.

3. ——— : ——— : ———. The charter of the City of Kansas (Laws, 1875, p. 231-2), contemplates and provides for a public sale of land for taxes, from first to last, no matter how long continued, and the collector has no power to make any other.

4. ——— : ——— : ———. While the tax sale may, under said

charter, be continued from day to day, the collector must begin it on the day on which notice of sale is given, and if not begun then, the power to sell becomes *functus officio*.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*W. C. Stewart. L. C. Slavens* and *F. F. Rozzelle* for appellant.

(1) It is the policy of the law, at the present day, to uphold tax titles. "The time has gone by," says Judge Cooley, "when the proceedings of taxing officers are to be criticised with microscopic nicety, and the exact time and method of every step examined to detect a departure from the law, however insignificant or unintentional." *Stockle v. Silsbee*, 41 Mich. 615; *Raby v. Guinn*, 76 Mo. 263; 1 Flippan (6 U. S. Cir.) 472; Cooley on Taxation, pp. 206–7. (2) It was certainly the intention of the legislature that a tax deed under this law should be construed like any other deed, and the presumption prevails that the officers in the collection of the city revenue did their duty. 9 West. Jurist, 17, 129. (3) The most that can be required is, that the deed shall contain the substance of every averment contained in the charter form. The omission of the word "publicly" did not affect the validity of the deed. *Skinner v. Williams*, 85 Mo. 492; *Haynes v. Heller*, 12 Kas. 381; *McCauslin v. McGuire*, 14 Kas. 234; *Phillips v. Meade*, 41 Iowa, 470; *Callahan v. Hurley*, 93 U. S. 387.

*R. H. Field* for respondent.

(1) It is a tax deed to real estate containing all required recitals that vests the title to the property in the tax purchaser under the Kansas City charter. Until he receives such a deed he has no title to the property,

however regular and valid the prior proceedings may be. Laws, 1875, pp. 236–7; *Donahoe v. Veal*, 19 Mo. 331; *Abbott v. Doling*, 49 Mo. 302. Evidence *aliunde* of a tax deed may be offered in opposition thereto, but an omission of a recital in a tax deed cannot be supplied by evidence *aliunde* of such instrument; hence it was no error for the court to exclude such evidence when offered by appellant. *Maxey v. Clabaugh*, 1 Gilman (Ill.) 26; *McDermott v. Scully*, 27 Ark. 226; *Pack v. Crawford*, 29 Ark. 483; *Grim v. O'Connell*, 54 Cal. 522; *Larkin v. Wilson*, 28 Kas. 514, 515; *Cartwright v. McFadden*, 24 Kas. 662; *Lessee v. McLaughlin*, 8 Ohio, 116; *Proprietors v. Page*, 6 N. H. 182; *Cunningham v. Railroad*, 61 Mo. 33; *Hilger v. Quinney*, 51 Wis. 62, 72; *Large v. Fisher*, 49 Mo. 307. (3) The deed is void on its face, as it entirely omits the word "publicly" before the word "held," thus failing to pursue the form prescribed as to an applicable recital, when the city bids off the property in the first instance, if the form or any part thereof is to be used in that case in making a deed to the assignee of the city's bid. *Barelli v. Lyttle*, 4 La. An. 557; *Hopkins v. Scott*, 86 Mo. 140; *Merritt v. Portchester*, 71 N. Y. 309; *Culver v. Haydon*, 1 Vt. 364. If a tax deed depart from the form, "its departure should not be such as to leave uncertain that which is made certain by that form." *Haynes v. Heller*, 12 Kas. 391. (4) There are no presumptions in favor of a tax deed defective on its face. *Long v. Burnett*, 13 Iowa, 29; *Williams v. Underhill*, 58 Ill. 137; *Hubbard v. Johnson*, 9 Kas. 634; *Morton v. Reeds*, 6 Mo. 64; *Yankee v. Thompson*, 51 Mo. 238. (5) The omission in the tax deed cannot be excused without disregarding an express statutory requirement. The rule is, that some force and effect must be given to every word in a legislative act, if possible. Blackwell on Tax Title, p. 56; *French v. Teschemaker*, 24 Cal. 518. This rule was expressly adopted in Wisconsin, as a reason for requiring every

Sullivan v. Donnell.

recital in a form for a tax deed to be set out to make a valid conveyance. See *Lain v. Cook*, 15 Wis. 449 ; see also, *Jacoway v. Gault*, 20 Ark. 190 ; *Merritt v. Portchester*, 71 N. Y. 309; *Culver v. Haydon*, 1 Vt. 359. (6) If the collector should fail to have a public sale on the first Monday in November (the first day he had advertised to begin his sale), his power to sell on a subsequent day would be *functus officio* on account of such failure. *Prindle v. Campbell*, 9 Minn. 212; *Wilkinson v. Huse*, 10 Ohio, 139.

BLACK, J.—This is an action of ejectment for lot 6, block "H," Ransom & Talley's addition to the City of Kansas. Defendant relies upon a tax deed made by the collector of that city under its charter, for taxes due for 1877. The deed is based upon a sale at which the city comptroller bid off the property for $2.82, the amount of the tax, certificate assigned to Cannon, and by him assigned to Crane, to whom the tax deed was made on the eighth of June, 1881. The tax deed, which was offered in evidence and excluded by the court, recites that the property was subject to taxation for 1877, and that the taxes remained unpaid, and then proceeds as follows : " And, whereas, the city collector of said City of Kansas did on the tenth day of November, 1877, by virtue of the authority in him vested by law, at the sale begun and held on the first Monday of November, 1877, the first day on which said real property was advertised for sale [which sale was continued from day to day up to and including the tenth day of November, 1877 ], expose to public sale, at the office of the city collector, in the City of Kansas; aforesaid, between the hours of ten o'clock in the forenoon and five o'clock in the afternoon, and in conformity," etc.

This deed is in the exact form prescribed by the charter, with the exception that the words included in brackets are not in the form, and with the further excep-

tion that the form reads, "at the sale begun and *publicly* held." The question is, whether the omission of the word "*publicly*" renders the tax deed void on its face.   We may say at the outset that there can be no doubt but that the statutory form applies to those cases where the property is bid off by the city in the first instance, as well as to those cases where the property is purchased by individuals at the tax sale.   In the former case the tax deed will vary from the form so as to state the facts truly.   That the form does apply in both cases is clear from a consideration of sections 50 and 63, of article 6, of the charter (Acts of 1875, p. 233), followed by section 64, which applies to all tax deeds.   Nothing said in *Skinner v. Williams*, 85 Mo. 492, ought to lead to a contrary conclusion.   Section 64 provides that "tax deeds executed by the city collector shall be substantially in the following form," which is then given, and "when substantially thus executed and recorded, shall be *prima facie* evidence in all courts," of certain facts and conclusive evidence of certain other facts.   There can be no doubt but that the deed, to be any evidence at all, must be in substantial compliance with the form. This is the criterion established by the legislature, and we have no power to vary it.

The question then comes to this, is this deed still substantially in compliance with the form?   By the form it is made to appear affirmatively, first, that the sale when first begun was publicly held, *i. e.*, a public sale; second, that subsequently, and when this property was sold, it was exposed to public sale.   Because of the omission of the word "publicly" in the deed, the second affirmative statement only is made to appear, and, if the first appears at all, it is only by way of inference from the second.   It was said in *Hopkins v. Scott*, 86 Mo. 144, when these same charter provisions were under consideration : " It is true that other required recitals are made in the deed in the exact language used in the form pre-

scribed, from which an inference can be drawn, that the collector did expose to public sale the property for the payment of taxes, * * * but this does not comply with the requirement of the law, which is that the recital shall be substantially and affirmatively made, and not that one fact, required to be affirmatively and substantially made, may be inferred from other facts recited in the deed, which the statute also requires to be substantially and affirmatively made." The words contained in this deed, and not in the form, only relate to a continuance of the sale from day to day, and do not in the least aid the omitted recital. Applying, then, the principle upon which the *Hopkins v. Scott* case was decided, this deed must be held to be worthless, unless we can say it was immaterial whether the sale, when begun, was publicly held or not. This we cannot do. The charter everywhere contemplates and provides for a public sale, from first to last, no matter how long continued, and the collector has no power to make any other. If he does not begin the sale on the first Monday of October, under section 42, he must commence it on the first Monday of November, under section 52. While the sale may be continued from day to day, he must, at least, begin on that day, the day for which the notice of sale is given, and if not begun then the power to sell becomes *functus officio. Prindle v. Campbell,* 9 Minn. 212; *Wilkins' Heirs v. Huse,* 10 Ohio, 139. A sale begun on the first Monday and continued to the tenth, without being public, would be no sale at all within the contemplation of law. The recital that the sale, when begun, was publicly held, is, therefore, material. The fact it recites is material, and the form of the deed also makes it a material recital, and it cannot be supplied by inference from some other recital, which is also made matter of substance by the same form. The recitals in the deed need not be in the exact order in which they appear in the form, nor need they be in the same words. Other

words of equivalent import will do, but when the form is departed from it should still leave all that certain which is made certain by the form.    There is no hardship in this, for, in looking at the whole deed, it will be seen that the specific recitals relate to those matters occurring at the time of the sale and subsequent thereto, and in the most of which the purchaser, by himself or assignor, is a participant.    He may well be required to see to it that he has a deed fair on its face, and especially when he has to but compare it with a statutory form.

The deed in this case does not comply with the law, and is, therefore, void, and the judgment is affirmed. Henry, C. J., concurs in the result.    The other judges concur.