Bingham v. Birmingham.

BINGHAM, *Appellant,* v. BIRMINGHAM *et al.*

DIVISION ONE.

1. **Tax Deed:** STATUTORY FORM. The omission in a tax deed of a recital that the sale was *publicly* made is fatal, where such recital is required by the form for the deed prescribed by the statute, and it is provided that the deed shall be executed substantially as provided in the form. ( *Following Hopkins v. Scott,* 86 Mo. 144 ; *Sullivan v. Donnell,* 90 Mo. 278.)

2. ——: RIGHTS OF PURCHASERS : KANSAS CITY CHARTER. The Kansas City charter ( sec. 64 ) provides, that " tax deeds executed by the city collector shall be substantially in the form " as set out in section 65. Said section 65 provides that any person claiming title adverse to the title conveyed by such tax deed shall be required to prove, in order to defeat the tax deed, either that the taxes, interest and costs were paid before the sale, or that the property was not subject to taxation, or that it had been redeemed, and if any person claiming title under a tax deed (executed substantially as provided for in the preceding section) shall be defeated in any suit or proceeding, by or against him, for the recovery of the real property conveyed, or purporting to be conveyed, by such tax deed, the unsuccessful claimant shall be adjudged to pay such person claiming, under the tax deed, the purchase money paid by him, and interest and penalties and costs. *Held* that where a tax deed is adjudged invalid because not " executed substantially as provided for in the preceding section," the grantee therein may recover said purchase money, interest, penalties and costs.

3. **Statute, Construction of:** STRIKING OUT WORDS. Words may sometimes be stricken out of a statute in construing it in order to harmonize its entire provisions.

4. ——: PRESUMPTION. It is to be presumed that the legislature did not intend to enact an absurd law, one incapable of being intelligibly enforced.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

Bingham v. Birmingham.

*Wash Adams* and *Bingham & Adams* for appellant.

(1) A court in an action at law cannot adjust equities. *Wilson v. Benedict*, 90 Mo. 208. (2) In absence of statute or agreement one man cannot recover for taxes voluntarily paid by him upon the land of another. *Horrigan v. Wellmuth*, 77 Mo. 545; *Pritchard v. Madren*, 31 Kan. 53. (3) The defendant is not entitled to recover under section 65, article 6, of the Kansas City charter. A court cannot supply a legislative *casus omissus*, and the meaning of a statute is to be gathered from the words employed if possible. *Hazeltine v. Hewitt*, 61 Wis. 121; *Howell v. Stewart*, 54 Mo. 400. The latter part of section 65 authorizing as a part of such recovery "the cost of the tax deed and fee for recording the same" shows that a deed substantially as required by section 64 was there contemplated, because the recorder of deeds was not under that section authorized nor required to record a deed not of that character. That this is the proper construction of the provision in question, examine *Isham v. Iron Co.*, 19 Vt. 230.

*W. J. Ward* for respondent Birmingham.

(1) The tax deed was held bad in this case by the circuit court because it did not set out in it that the tax sale was "publicly" held under the rule laid down by the court in the case of *Sullivan v. Donnell*, 90 Mo. 278. I was not present at the trial below, but plaintiffs, in their brief, give the above reason. (2) If the deed in this case had had the words, "at the sale begun and publicly held," in it, instead of "at the sale begun and held," which it did have, it would have been good and regular. But for the very reason that it was not good and was not regular the defendant was entitled to recover the taxes paid, with interest. *White v. Shell*,

84 Mo. 573 ; *Allen v. Buckley*, 94 Mo. 161 ; City Charter, art. 6, sec. 65. ( 3 ) All citizens,, and subjects of all governments, for the purpose of their own protection, must pay taxes for the support of their respective states, cities, etc. And when their property is sold on account of their failure to do their duty, if the sale should fail, they should not be allowed to get it back without paying the tax and interest. *White v. Shell*, 84 Mo. 573 ; *Conradt v. Myers*, 31 Kan. 32. ( 4 ) The court had a right to give a lien on the land in its judgment. City Charter, art. 6, sec. 65 ; *Allen v. Buckley*, 94 Mo. 160, 161. ( 5 ) The policy of the law demands that a party buying land at a tax sale shall either get the land or his money back with interest. " In that way it compels the prompt payment of taxes by holding out large inducements to tax purchasers to invest upon the delinquencies of original holder." *Conradt v. Myers*, 31 Kan. 32. ( 6 ) "And it would seem that in all cases of void tax deeds, whatever may be the ground upon which the deeds are held to be void, the holder of a tax deed, when defeated in an action of ejectment, whether he is plaintiff or defendant, may recover the taxes which he has paid." *Belze v. Bird*, 31 Kan. 144, 145.

*C. W. Freeman* for respondents.

( 1 ) The point is not well taken, that, because the proceeding is an action at law, the court could not settle equities between the parties, for the defense set up was authorized by the charter, and was the only way defendant could avail himself of that provision which entitled him to recover the taxes he had paid. Freeman on Judgments, sec. 32. The case of *Wilson v. Benedict*, 90 Mo. 208, has no application to this case. ( 2 ) The appellant cannot prevail on the ground that the tax deed was not executed substantially in the form prescribed by

the statute.    The statute should be given that construction which will most effectually aid in carrying out the purpose of the legislature, which was to create an effectual method of enforcing the payment of delinquent taxes and to create an inducement for persons to bid on the land by securing repayment of taxes paid, if the tax deed should prove defective.

SHERWOOD, P. J.—This ejectment cause has been reargued and reconsidered, and the  results of such reconsideration will now be given ; and, in order that our views may be readily understood, it is necessary to refer to, or incorporate in this opinion, the sections of the city charter upon which those views are based.    Section 64 requires that  "Tax deeds executed by  the city collector shall be substantially in the following form : " giving the prescribed form.

Section 65 is the following:    "In any suit or proceeding involving or in any manner calling in question the title or right of the grantee in  a tax deed, or those claiming under lien of, to or in the  real  property conveyed or purporting to be conveyed by such tax deed [ executed substantially  as provided in the preceding section ], the person claiming title adverse to the title conveyed or purporting to be conveyed by such tax deed, shall be required to prove, in order to defeat the said tax deed, either that the taxes,  interest and  costs were paid before the sale ; that the real property therein described was not subject to taxation for the year or years stated in the deed ; that the real property therein described had been redeemed from the  sale at the date of the deed, or the tender of the redemption money had been made to the city collector before the execution and delivery of the deed, in accordance with the provisions of this act; and that such redemption was had or attempted to be had for the use and benefit of the person having the right to redemption under this act; and if any person claiming title under a tax deed

[ executed substantially as provided for in the preceding section ], shall be defeated in any suit or proceeding by or against him for the recovery of the real property conveyed, or purporting to be conveyed, by such tax deed, the successful claimant shall be adjudged to pay such person claiming under such tax deed the full amount of all money paid by the purchaser at the tax sale for such real property, and ten per centum of such amount immediately added as a penalty, with twenty-four-per-cent. interest per annum on the whole amount thus made from the day of sale ; and also the amount of all taxes, state, county or municipal, general or special, paid by the purchaser, his heirs or assigns, after the date of the certificate of purchase and a like penalty of ten per centum added as before on the amount of each of such payments, with twenty-four-per-cent. interest per annum on the whole of such amount or amounts so made from the day of or days of payment, together with the costs of tax deed and fee for recording the same, and all costs in the case, which judgment shall be a lien upon the real property in controversy, and shall bear interest at the rate of twenty-four-per-cent. per annum, and may be enforced by execution as in other cases of judgments and decrees of such court."

Upon the requirements of section 64, *supra*, it has been ruled that if a tax deed executed by the collector, in place of the words in the form contained, to-wit, "at the sale begun and publicly held," etc., leaves out the word "*publicly*" this omission is a fatal one lacking that word ; such deed is not executed "*substantially*" in the form prescribed by that section. *Sullivan v. Donnell*, 90 Mo. 278. A similar ruling, in effect, had been previously made in *Hopkins v. Scott*, 86 Mo. 144. The deeds in this cause, executed to the defendant, are faulty in the precise particular as was the one ruled upon in *Sullivan v. Donnell, supra.*

Now, what is to be the result of such defect ? It is conceded here, and so it was ruled in the lower court,

that the deeds were invalid, and, therefore, formed no barrier to a recovery in ejectment; but that court also ruled that the defendant was entitled to recover the taxes he had paid, etc., according to the provisions of section 65 already quoted.

Was this ruling correct according to the provisions of that section? This is the subject of the present discussion.

It is contended that the words we have placed in brackets in section 65 are to bear the same meaning that they do in section 64; and that, as under that section, a deed is invalid, and will not authorize a recovery of the *land*, unless substantially complying with the form prescribed therein, so, also, under the provisions of section 65, the deed must substantially comply with that form or else, in the event of the defeat of a recovery of the land, the *taxes* paid by the purchaser cannot be recovered. *Technically* speaking, this position is correct; but, are we authorized to center our entire consideration on the words bracketed, leaving wholly out of view the residue of that section and other sections of the charter? Should we do this, we would certainly be acting at variance with the familiar maxim, "*Ut res magis*," etc.

The central idea of the statute evidently is to allow a purchaser at tax sale who is *defeated* to be reimbursed by a recovery of the taxes paid with penalties and interest, in all cases when this can properly occur. Looking closely at section 65, we find that there are two classes of claimants for lands sold for taxes: *First*. Those who succeed notwithstanding a deed on its face valid, by proving either: (1) That the taxes had already been paid. (2) That the property was not subject to taxation. (3) That it had been redeemed.

In such case, the tax deed is overthrown and brought to naught *irrespective* of its *formal* and *external validity*, but the party claiming title adverse to the tax

deed, of course, has to pay *nothing*, and this because in contemplation of law, and as a matter of fact, *there were no taxes due on the land.*

*Second.* The other class consists of those who have not paid their taxes, etc.; therefore, are neither able nor called upon to prove the facts required at the hands of the first class.

In short, the *status* of section 65 is this:   Those of the first class having made the proof required, *aliunde* the tax deed, are hampered by no conditions to the immediate recovery of their lands; while those of the second class take their recovery subject to the reimbursement of the purchaser under the tax deed.   But, if the tax deed is "executed substantially as provided for in the next preceding section," then the second class of claimants cannot be called "*successful*" and are surely at the end of their row; for they cannot attack the deed directly, it being formally sufficient, nor can they prove the existence of facts, the same being non-existent, which would authorize an attack on the deed as provided for as to the first class, so that the inevitable deduction from these premises is just this: That though that section contemplates and specifies a redemption of the land on the part of those belonging to the second class, and, therefore, denominates that class "*successful*," yet that the terms of that section are meaningless and inoperative, since no redemption in favor of those of the second class can possibly occur where the tax deed is faultless in form.   But this proves too much and effectually nullifies the statute, so far as concerns the redemption of lands sold for taxes, where a deed is executed therefor, as aforesaid.

But if you strike out the words bracketed in the second paragraph of section 65, as having been improvidently inserted, you then have a section readily understood, and operative throughout.   We shall treat the section in this way, and thereby harmonize its entire provisions, something otherwise impossible to be done.

In pursuing this course we do but follow well approved precedents, and allow the reason of the law to prevail over its letter; "for the letter killeth, but the spirit maketh alive." 2 Cor. 3 : 6.

The presumption is that the legislature never intended to enact an absurd law incapable of being intelligibly enforced. *Railroad v. Brick Co.*, 85 Mo., *loc. cit.* 329 ; *State v. Bulling*, 100 Mo., *loc. cit.* 93 ; *Ex parte Marmaduke*, 91 Mo., *loc. cit.* 254 ; *State v. Hayes*, 81 Mo., *loc. cit.* 585.

This obstacle being removed, we are free to follow the rule laid down in the section in question ; and it is the same as that heretofore announced in *White v. Shell*, 84 Mo. 569.

These remarks result in affirming the judgment, and it is so ordered. All concur.