## DANIELS *v.* CASE *et al.*

*(Circuit Court, W. D. Missouri, W. D. April 4, 1891.)*

1. TAXATION—SALE—RECITATION IN DEED—VALIDITY.
   Under the charter of Kansas City, c. 6, § 64, prescribing that a tax-deed shall recite that the property was publicly exposed for sale on a certain day "at the sale begun and 'publicly' held on the first Monday, · * * * the first day on which said real property was advertised for sale," and requiring tax-deeds to comply substantially with the forms prescribed, a tax-deed is void which omits the word "publicly" in the clause "at the sale begun and publicly held." Following *Sullivan* v. *Donnell,* 90 Mo. 278, 2 S. W. Rep. 264.

2. SAME—EJECTMENT—PAROL EVIDENCE.
   In ejectment by the purchaser of the tax-deed, parol evidence to show that the sales were in fact begun on the first day advertised, and were "publicly" held, is incompetent.

3. SAME—PRESUMPTIONS.
   The tax-deed is not validated by section 65 of the above chapter, providing that "such tax-deed, executed substantially as prescribed in the preceding section," (section 64,) shall be conclusive as to the regularity of the proceedings.

4. SAME—LIMITATIONS.
   Section 66 of the same chapter, providing that proceedings to avoid the sale of property for taxes shall be commenced "within three years from the time of recording the tax-deed, and not thereafter," does not apply to a void deed.

5. SAME.
   Nor has it any application to a suit by the tax-sale purchaser against the owner.

At Law.

*Brown, Chapman & Brown,* for plaintiff.

*Karnes, Holmes & Krauthoff,* for defendants.

PHILIPS, J. This is an action of ejectment to recover possession of lots 1, 2, 3, and 4, block B, in resurvey of Reid's addition to the City

of Kansas, Mo. ' The plaintiff claims title by virtue of tax-deeds of date November 30, 1881, for the delinquent taxes of the year 1879, claimed to be then due to the City of Kansas. The premises have been in the possession of the trustees of the First Baptist Church of Kansas City since the latter part of 1878, when they began the work of excavating for a foundation for a church edifice on said lots. Since the completion of the church, soon thereafter, it has been occupied by said denomination as a place of religious worship, under title from the owner prior to the alleged tax-sale. The validity of the tax-deeds is assailed by defendants on the ground that they are void on their face. By section 64, c. 6, of the city charter, the form of such tax-deed is given, and they are required to comply substantially therewith. Among the prescribed recitations is the following:

"And, whereas, the said collector of said City of Kansas did on the ——— day of ———, A. D. ———, by virtue of authority in him vested by law at [an adjourned sale] the sale begun and publicly held on the first Monday of ———, A. D. ———, the first day on which said real property was advertised for sale, expose to public sale at the office of the said collector, in the City of Kansas aforesaid."

The corresponding portion of the deeds in question is as follows:

"And, whereas, the said collector of said City of Kansas did, on the 26th day of November, 1879, by virtue of the authority in him vested by law, at a ——— sale begun and held on the first Monday of November, 1879, the first day on which said real property was advertised for sale, expose to public sale, at the office of the city collector, in the City of Kansas aforesaid."

The discrepancy between the statute and the deed is in the omission from the latter of the word "publicly" in the clause, "the sale begun and publicly held on the first Monday," etc. The question presented, therefore, is whether the employment of this term "publicly" in the statute is of substance, and, if so, is it substantially recited, or its equivalent used, in the deed? This precise question was before the state supreme court in the case of *Sullivan* v. *Donnell*, 90 Mo. 278, 2 S. W. Rep. 264. The opinion was delivered by BLACK, J., who is peculiarly qualified to construe said charter, as he had much to do in framing it, and has had frequent occasion, both in his practice as a lawyer and while on the circuit and supreme bench, to construe and apply the same. The tax-deed in the *Sullivan Case* was similar in every essential particular to the one at bar, and it was held to be fatally defective because of the omission of said word "publicly" from the context above recited. The reason of this holding is that by the charter such tax-sales are required to begin on the first day designated therefor in the notice, which in this case was the first Monday in November. Such sales are required to be conducted publicly at the designated place, and must be so conducted continuously from day to day until completed, and, therefore, as such continuous antecedent sales are essential to the authority to sell at a day later than the first one, it is of substance that the deed, as prescribed in the statutory form, should recite the fact that antecedent sales were so begun and publicly held; and, as this is in the nature of a juris-

dictional fact, it should appear affirmatively on the face of the deed, and not be left to mere implication and inference.

Tax-sales are essentially proceedings *in invitum*, by which it is sought to take with the strong arm of the law and appropriate a citizen's property to public uses; and in such case the rule of law obtains rigorously in the state court that no intendment is to be indulged in favor of such proceedings outside of the positive prescriptions and limitations of the statute. The ruling in the *Sullivan Case* has again been approved by the supreme court in the recent case of *Bingham* v. *Dclougherty*, 13 S. W. Rep. 208, so it is now to be regarded as the settled law of the state, and there was no contradictory holding by the court in force at the time plaintiff acquired his alleged title. Upon what tenable ground, therefore, is it that the learned counsel for plaintiff now ask this court to review and disregard this rule of construction placed by the highest judicial tribunal of the state upon one of her local statutes? Even if the federal courts should be of opinion that the conclusion reached by the state court is unsound on principle, it would be contrary to the tradition and usage of the federal courts to decline to follow the construction placed by the state supreme court on a state statute, when and where such construction affects and becomes a muniment of title to real property, and especially so as to the validity of tax-sales. In such cases, as said by Chief Justice MARSHALL in *Williams* v. *Peyton*, 4 Wheat. 77–83, the decisions of the courts of the states, respectively, "unquestionably give the rule by which this court would be guided." To this rule the federal courts have adhered with unbroken consistency. *Leffingwell* v. *Warren*, 2 Black, 599–603; *Lane Co.* v. *Oregon*, 7 Wall. 71–74; *Bailey* v. *Magwire*, 22 Wall. 215–231; *State Railroad Tax Cases*, 92 U. S. 575–617; *Barrett* v. *Holmes*, 102 U. S. 651–655; *Union Nat. Bank of Chicago* v. *Kansas City Bank*, 136 U. S. 223–235, 10 Sup. Ct. Rep. 1013; *Detroit City* v. *Osborne*, 135 U. S. 492, 10 Sup. Ct. Rep. 1012; *York* v. *Texas*, 137 U. S. 19, 11 Sup. Ct. Rep. 9. Were the rule otherwise, the greatest inequality of right would obtain, predicated alone upon the incident of diverse citizenship. This plaintiff, because of residing on the west side of Kaw river, with the right to sue in the United States circuit court, would have a good tax-title, while a citizen of Missouri on the east side of the river would have no title. The public sense of justice would challenge to the death any such rule of inequality.

To help out this invalidity of the deed, the plaintiff at the hearing offered to prove by the city officers conducting the sales that as a matter of fact the sales did begin on the first Monday in November, and were publicly held continuously to the day of the sale in question. This evidence is incompetent. The plaintiff has no standing in court to maintain the action of ejectment at law without a deed. It is the deed alone which confers title on him, and that deed must, in the language of the charter, be "executed substantially as provided." This we have shown has not been done. Judge BLACK, in *Sullivan* v. *Donnell, supra,* said: "There can be no doubt that the deed, to be any evidence at all, must be in substantial compliance with the form. This is the criterion established by the legislature, and

we have no power to vary it." And the bill of exceptions in that case, put in evidence by defendants at this trial, shows that similar evidence was offered on that trial, and rejected by the court as incompetent. The rejection of this evidence was urged before the supreme court in appellant's brief. The affirmance of the judgment indicates that the supreme court approved the action of the trial court. Until the deed is made, the title remains in the tax debtor. As said in *Cartwright* v. *McFadden*, 24 Kan. 662–670, said evidence does "not tend to show that the tax-deed is invalid, but only that the sale was valid, and that he might have obtained a valid tax-deed if he and the officer had been more careful, and made the tax-deed speak the truth." Plaintiff's mere right to a deed can give him no standing in a court of law to maintain an action of ejectment.

The ultimate reliance of plaintiff is upon sections 65 and 66 of said chapter 6 of the charter. Section 65 undertakes to make the tax-deed conclusive as to the regularity of the proceedings anterior to the sale, and limits the grounds on which the validity of the deed may be assailed. It is sufficient to say in answer to this that the protection declared in said section applies only to "such tax-deed executed substantially as prescribed in the preceding section;" that is, said section 64, hereinbefore discussed. Section 65 does not and could not impart vitality to a void instrument,—a thing which in legal contemplation never existed. It can apply only to a deed legal in form. Section 66 declares that—

"Any suit or proceeding against the purchaser at a tax-sale, his heirs or assigns, for the recovery of real property, or any interest therein sold for taxes, or to defeat or avoid a sale or conveyance of real property sold for taxes under the provisions of this act, shall be commenced within three years from the time of recording of the tax-deed, and not thereafter."

It is the well-settled rule of law in this state that such special statute of limitation has no application to a tax-deed void on its face. *Mason* v. *Crowder*, 85 Mo. 526–532; *Skinner* v. *Williams*, Id. 489–493; *Hopkins* v. *Scott*, 86 Mo. 140–148; *Pearce* v. *Tittsworth*, 87 Mo. 635–641; *Callahan* v. *Davis*, 90 Mo. 78, 2 S. W. Rep. 216; *Duff* v. *Neilson*, 90 Mo. 93–97, 2 S. W. Rep. 222; *Bartlett* v. *Kauder*, 97 Mo. 356–359, 11 S. W. Rep. 67; *Redfield* v. *Parks*, 132 U. S. 239–251, 10 Sup. Ct. Rep. 83. Especially cannot such limitation apply where, as in the case at bar, the defendants have at all times been in the actual possession of the property. *Spurlock* v. *Dougherty*, 81 Mo. 171–184; *Mason* v. *Crowder, supra; Callahan* v. *Davis, supra; Bannon* v. *Burnes*, 39 Fed. Rep. 899; Cooley, Tax'n (2d. Ed.) p. 559. It is especially, moreover, to be observed that this charter provision applies only to a proceeding instituted *against* the tax-sale purchaser, and not where the owner of the property is defending against a tax purchaser. The statute is "a shield to the purchaser, not a sword with which he can wound the owner in possession." *McReynolds* v. *Longenberger*, 57 Pa. St. 13–29; *Bigler* v. *Karns*, 4 Watts & S. 137–140.

As the conclusion reached is decisive of this action, it is unnecessary to express any opinion upon the question raised by defendants' counsel

as to whether or not the City of Kansas can proceed to enforce the collection of the taxes on this property by sale after the title of the owner had passed to the trustees of the church, and the property has been dedicated to a public charity, although the tax attached to the property prior to such dedication.    The issues are found for the defendants.

Judgment accordingly.