GREGG, *Appellant*, v. JESBERG *et al.*

Division Two, December 13, 1892.

1. **Tax Deed**: LEGISLATIVE FORM: RECITALS.   A tax deed must show a substantial compliance with the form prescribed by the legislature and that all the prerequisites of the statute have been pursued.

2. ———: CITY OF SECOND CLASS: RECITALS.   Where a tax deed made by the collector of a city of the second class, under Revised Statutes, 1879, sec. 4729 *et seq.*, discloses that the sale was at an adjourned one made nearly three months after the sales began and no recitals are made affirmatively showing that the adjournments did not exceed the two weeks as prescribed by law (sec. 4731), such deed fails to make a necessary recital and is void.

3. ———: SALE: PURCHASER: REIMBURSEMENT.   A purchaser at such tax sale who fails in his ejectment suit is entitled to recover the purchase price at the sale and taxes afterwards paid by him, even though his tax deed was void.

*Appeal from Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

*Porter & Woodson* for appellant.

(1) The deed is void because of its failure to recite that the deed was "publicly" made. *Sullivan v. Donnell*, 90 Mo. 278; *Bingham v. Birmingham*, 103 Mo. 345; *Pitkin v. Reibel*, 104 Mo. 505.   (2) The court will observe that the city tax deeds offered in evidence in this case are almost literal copies of the form prescribed by section 1372, of the Revised Statutes of Missouri

for 1889. "The recitals in the deed need not be in the exact order in which they appear in the form; nor need they be in the same words." *Sullivan v. Donnell*, 90 Mo. 283. (3) If the court was right in excluding the tax deeds offered in evidence and declared the law correctly in holding that said deed was void on its face, then instruction number 2, asked by plaintiff, should have been given, and the jury allowed to pass upon the second count of plaintiff's petition under the testimony of George C. Crowther. *Sullivan v. Donnell*, 90 Mo. 278; *Bingham v. Birmingham*, 103 Mo. 345, and cases cited; *Pitkin v. Reibel*, 104 Mo. 505; Revised Statutes of Missouri, 1889, sec. 1373.

*Hall & Pike* for respondent.

(1) The tax deed is void on its face, because the sale therein recited was made without authority of law. The collector must begin his sale at ten o'clock in the forenoon of the first Monday in November and continue from day to day, etc., as long as there are bidders or until the taxes are all paid. Revised Statutes, 1879, sec. 4731; *Sullivan v. Donnell*, 90 Mo. 283. (2) The validity of the adjourned sale depends upon two things: *First*, a legal sale must be begun in November; *second*, the adjourned sale must be legally connected with it. In this case that connection is wanting. In support of this point see: *Large v. Fisher*, 49 Mo. 307, and cases cited, 309; *Yankee v. Thompson*, 51 Mo. 234; *Pitkin v. Reibel*, 104 Mo. 505. (3) The lot was not assessed in the name of the owner, but was assessed in the name of a person who was not owner or occupant. Section 4705, Revised Statutes, 1879, enables the assessor to be absolutely correct in every ingredient of description. It indicates that the assessment must be made in the name of the owner, and the description otherwise must

be as accurate as a civil engineer can make it. The assessment was therefore void. Burroughs on Taxation, 203; *Abbott v. Lindenbower,* 42 Mo. 162, and 46 Mo. 291; *Hume v. Wainscott,* 46 Mo. 145; *Hubbard v. Gilpin,* 57 Mo. 441; *Ewart v. Hayter,* 76 Mo. 134; *Gaines v. Fender,* 82 Mo. 508; *Pearce v. Tittsworth,* 88 Mo. 635; *State ex rel. v. Railroad,* 82 Mo. 684; *Railroad v. Negrotto,* 40 Fed. Rep. 428; *Tracy v. Reed,* 38 Fed. Rep. 69; *Marx v. Hawthorne,* 30 Fed. Rep. 579; Cooley on Constitutional Limitations [6 Ed.] 453, 540, note; *Guffy v. O'Reilly,* 88 Mo. 418. (4) The purchaser is not entitled to reimbursement; the statute authorizing it presupposes that a valid tax has been levied on the property.

GANTT, P. J.—This is an action of ejectment for the recovery of the possession of the east twenty feet of the west ninety-one and two-thirds feet of lots 11 and 12, block 43, Robidoux's addition to the city of St. Joseph.

Plaintiff's claim is founded upon two tax deeds, one of which is an amendment of the other, executed by the collector of city taxes.

In a second count, the plaintiff alleges he purchased the land for delinquent taxes for the years 1881, 1884, 1885 and 1886, and, if his deed is adjudged insufficient, he asks judgment for the amount of taxes paid by him with interest, penalties and costs.

The answer is a general denial.

The plaintiff offered in evidence the following city tax deed:

"Know all men by these presents, that, whereas, the following described real property, viz., east twenty feet of the west ninety-one and two-thirds feet of lots eleven and twelve (11 and 12), block forty-three (43), Robidoux addition, an addition to the city of St.

Joseph, Missouri, situated in the city of St. Joseph, in the county of Buchanan and state of Missouri, was subject to taxation for the years 1881, 1884, 1885, 1886; and, whereas the taxes assessed upon the said real property for the years aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and, whereas the city collector of said city of St. Joseph did, on the twentieth day of January, A. D. 1887, by virtue of the authority in him vested by law, at an adjourned sale of the sale begun and publicly held on the first Monday of November, A. D. 1886, the first day on which said real property was advertised for sale, expose to sale at the office of the city collector, in the city of St. Joseph, aforesaid, between the hours of ten o'clock in the forenoon and five o'clock in the after-noon, in conformity with all the requisitions of the statute in such case made and provided, the real prop-erty above described, for the payment of taxes, interest and costs then due and unpaid upon said real property; and, whereas, at the time and place aforesaid, said real property could not be sold for the amount of all taxes, interest and costs thereon; and, whereas the city auditor of the city of St. Joseph, under and by virtue of the direction of the comptroller of the city, bid off said real estate for the city of St. Joseph for $26.18, the amount of said taxes, interest and penalties; and, whereas, afterwards, viz., on the fifteenth day of March, 1887, J. C. Gregg paid to the city collector $26.18, the amount of all taxes, interest and costs on said real estate at the time of such payment; and, whereas, the city col-lector gave to said J. C. Gregg a certificate dated March 16, 1887, the day it was issued, describing said real estate so bid off for the city, stating the amount of each kind of tax, interest and costs for which it was bid off to the city, also the costs of all proceedings thereon, and stat-ing also the amount paid to said city collector by said

J. C. Gregg, and the time when said owner of said certificate would be entitled to a deed; and, whereas said certificate was thereupon duly assigned to said J. C. Gregg by the city auditor, and said assignment was noted in the book of sales kept by said auditor; and, whereas two years have elapsed since the first day on which said real property was advertised for sale, and the said property had not been redeemed therefrom as provided by law; and, whereas the city collector of the city of St. Joseph, aforesaid, did, at least four months before the expiration of the time limited for redeeming said real property, publish a notice, as required by the statute in such cases made and provided, that unless said real property was redeemed on or before the day limited therefor, it would be conveyed to the purchaser or his heirs or assigns.   Now, therefore, I, George C. Crowther, city collector of the city of St. Joseph, county and state aforesaid, for and in consideration of the sum of $26.18, taxes, interest and costs due on said real property for the years A. D. 1881, 1884, 1885, 1886, to the city collector of said city of St. Joseph, paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold and by these presents do grant, bargain and sell unto the said J. C. Gregg, his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him, the said J. C. Gregg, his heirs and assigns forever, subject, however, to all rights of redemption provided by law.

"This deed is made to correct a deed by me made, as treasurer and ex-officio city collector of said city, on the nineteenth day of November, 1888, to said J. C. Gregg for said land hereinabove described, for said taxes, interest and cost for said years, said being recorded in the office of recorder of deeds of said county, in book 164, at page 20.

"In witness whereof I, George C. Crowther, city collector of the city of St. Joseph, aforesaid, have hereunto subscribed my name and affixed the corporate seal of the city of St. Joseph this twenty-seventh day of May, A. D. 1890.

"[SEAL]               GEORGE C. CROWTHER,
"Treasurer and ex-officio city collector of the city of St. Joseph."

This deed was duly acknowledged.

The defendant objected to this deed for the reason that it was void on its face, and at the conclusion of the evidence the trial court so held.

The defendant insists the deed is void on its face, in that it recites a sale at an adjournment more than two weeks after the day on which the last sales were made.

The statute under which this sale was attempted to be made is the law of 1877, page 125, sections 35 to 58 inclusive, being sections 4728 to 4752 inclusive of the Revised Statutes, 1879. Section 4731 requires that the collector shall begin his sales at ten o'clock on the first Monday in November and *continue from day to day* between the hours of ten o'clock in the forenoon and five o'clock in the afternoon *as long as there are bidders or until all the taxes are paid.*

Section 4735 provides that when all the property advertised shall have been offered, and any portion remains unsold for want of bidders, "the collector shall adjourn the sale to some day *not exceeding two weeks from the time of adjournment, due notice of which shall be given at the time of adjournment,* and by keeping a notice posted in a conspicuous place in his office."

That a tax deed must show a substantial compliance with the form prescribed by the legislature and recite the prerequisites to a sale prescribed by the

statute, is the settled law of this state. *Spurlock v. Dougherty*, 81 Mo. 171; *Large v. Fisher*, 49 Mo. 307.

This deed on its face discloses that the sale was *an adjourned sale* on the *twentieth day of January, 1887*, the regular sale having been begun on the first Monday in November, 1886. It is contended by plaintiff that this deed is an exact compliance with the statute.

The form in section 4750 (Revised Statutes, 1879) contains in brackets the words *"an adjourned sale,"* and this deed without the brackets contains those words. Now those words were evidently placed in the form to indicate that when the sale was an adjourned sale the collector should recite the adjournment and the recital to be valid should recite an adjournment within the provisions of the law. The legislature in its wisdom provided these adjournments should not extend beyond two weeks, and that due notice should be given of the adjourned sale. A sale made at a sale adjourned more than two weeks would unquestionably be void, and a sale so made without notice of such adjournment would also be void. When then a deed on its face discloses it was at an adjourned sale made nearly three months after the sale commenced, and no recitals are made affirmatively showing the adjournments did not exceed the two weeks prescribed by law, we think the deed fails to recite a substantial prerequisite and condition precedent to a lawful adjourned sale, and it must be held void. To hold otherwise we must indulge the presumption that the law was complied with in all respects, and to do this we must disregard the rule invariably adopted in regard to such sales. *Yankee v. Thompson*, 51 Mo. 234; *Lagrotte v. Rains*, 48 Mo. 536; *Sullivan v. Donnell*, 90 Mo. 278.

In *Sullivan v. Donnell, supra*, the deed contained the recital, *"which sale was continued from day to day up to and including the tenth day of November, 1877."* This

Gregg v. Jesberg.

was a substantial compliance with the law. The law requires the sale to be continued "from day to day," unless adjourned for *"want of bidders."*

As the statute expressly provides that the adjournment shall only be taken for certain reasons, and specifically prescribes the length of the adjournment and the notice thereof, we cannot say these provisions are immaterial, and, as the lawmakers in making the form left a space to recite the adjournment, we conclude they intended those facts should be recited in said blank that alone authorized the adjournment, and that a lawful adjournment would be recited. *Hopkins v. Scott,* 86 Mo. 144.

The deed is void on its face, and the court properly so declared.

II. As to the second count, that the plaintiff paid the taxes, there seems to be little or no doubt, and, though his deed is void, he is entitled to recover the amount so paid out. He established a *prima facie* case by the tax book and the collector.

The attempt of respondents to break down this proof by reference to a "book of sales" and the description therein is not sustained by the record. No such book is in the record here, nor do we find any offer to introduce it. Hence, much of respondents' argument with reference to the erroneous assessment is, we think, irrelevant to the case made by the record here. For instance the criticism of the description "E 20, W 91 2-3" as meaningless, is not sustained by reference to Crowther's evidence. He testified, page 10 of abstract: "It was described for assessment as 'East 20 feet of the West 91 2-3 feet of Block 42.'"

We think the court erred in refusing plaintiff's instruction number 2 and in giving defendants' instructions. *Pitkin v. Reiber,* 104 Mo. 505.

Nor was plaintiff responsible for the errors in defendants' receipts. It would seem that defendant's own evidence shows she did not pay on the right land. This was not plaintiff's fault.

Judgment reversed and cause remanded. All concur.

