ATKISON, *Appellant*, v. BUTLER IMPROVEMENT COMPANY.

Division Two, December 18, 1894.

1. **Tax Deed**: SUFFICIENCY OF RECITALS: REVENUE LAW OF 1872.   Under the revenue law of 1872, section 224 (p. 130), requiring the purchaser of land forfeited to the state for nonpayment of taxes to pay the amount of taxes charged against the land, with interest and costs and ten per cent. penalty in addition, to entitle him to a certificate of purchase, a tax deed, showing on its face that neither the interest nor the penalty was paid, is void.

2. ———: ———: ———.   A tax deed, under said law of 1872, for land forfeited to the state, must show on its face that the county clerk issued the order directing the collector to receive the delinquent taxes with interest, etc., from the purchaser.

3. ———: ———: ———.   Under the statute (Laws, 1872, p. 128) requiring the recital in a tax deed of the assignment of the certificate of purchase to show an indorsement under the purchaser's hand, written on the back of the certificate and dated, a recital neither showing that it was under the hand of the assignee nor on the back of the certificate nor that it was dated is not sufficient.

*Appeal from Bates Circuit Court.*—HON. J. H. LAY, Judge.

AFFIRMED.

*E. J. Smith, Jno. D. Parkinson* and *Graves & Clark,* for appellant.

(1)   The court erred in excluding the tax offered in evidence.   Revenue Laws of 1872, secs. 207, 217, 223 and 225, p. 130, *et seq.*, of said act; Laws of 1875,

sec. 8, p. 84; *Pitkin v. Reibel*, 104 Mo. 505; *Spear v. Ditty*, 8 Vt. 419. (2) It was also error upon part of trial court in overruling the motion to set aside nonsuit. Authorities *supra*.

*Thomas J. Smith* for respondent.

The tax deed did not contain the necessary recitals under the statute and was properly excluded. Laws, 1872, p. 131, secs. 208, 223 and 225; Laws, 1873, p. 72. The former adjudications of this court hold the omissions in this deed to be fatal. *Williams v. McLanahan*, 67 Mo. 499; *Pearce v. Tittsworth*, 87 Mo. 637; *Hopkins v. Scott*, 86 Mo. 145; *Sullivan v. Donnell*, 90 Mo. 281; *Pitkin v. Reibel*, 104 Mo. 505; *Pitkin v. Shacklett*, 106 Mo. 571.

GANTT, P. J.—This is an action of ejectment in the ordinary form for the possession of lot four (4) in block eleven (11) in the city of Butler, Bates county, Missouri. Ouster was laid in 1891.

The answer is a general denial; a plea of the statute of limitations of ten years; a plea of *res adjudicata* by judgment of the circuit court of Cass county, and the affirmance of said judgment by this court, and lastly a plea of equitable estoppel in that plaintiff stood by and permitted defendant to buy said lot when it was vacant and unimproved, and stood by and saw it improve said lot by an expenditure of $10,000 in building business houses and improvements thereon, without ever claiming the same at any time after the decision of this court in *Atkison v. Dixon*, until the fall of 1892.

The reply is a general denial of the new matter of the answer.

Plaintiff, after offering evidence of the loss of the original, offered the record of the following tax deed in evidence:

"TAX DEED.

"*Know all men by these presents:* That, whereas, at the July term, 1873, of the county court of Bates county, state of Missouri, a judgment was obtained in said court in favor of the state of Missouri, against the following described tracts of land situated in said county of Bates and state of Missouri:

| QUANTITY. | | Parts of Sections, No. of Survey, Towns, Cities and Additions. | Section. | Town. | Range. | Lot. | Block. | Years for which Assessed. | AMOUNT. | |
|---|---|---|---|---|---|---|---|---|---|---|
| Acres. | 100. | | | | | | | | $ | Cts. |
| | | The Town of Butler. | | | | 4 | 11 | 1872 | 15 | 94 |

For the sum of money set opposite each tract of land respectively in the above tabular statement, being the amount of taxes, interest and costs assessed upon said tract, respectively, with penalty thereon for the years set forth opposite each tract in the above tabular statement, and amount in the aggregate to fifteen dollars and ninety-four cents. And, whereas, on the sixth day of October, A. D. 1873, F. V. Holloway, collector of the county aforesaid, by virtue of a special execution issued out of the county court of the county aforesaid, dated the twenty-second day of September, A. D. 1873, and to the collector of said county directed, did expose to public sale at the courthouse in the county aforesaid, in conformity with all the requisitions of the statutes in such cases made and provided, the tract of land above described, for the satisfaction of the judgment so rendered as aforesaid. And, whereas, at the time and place aforesaid the tract of land above described was not sold, for want of bidders, and was then and there forfeited to the state of Missouri. And, whereas, James G. Warner did, on the fifteenth day of February, 1876, pay to the collector of said county the sum of fifteen

94-100 dollars, being the amount of taxes, interest, costs and penalty then due thereon as above stated, opposite each tract respectively, required for the purchase of said tract of land according to law, and did receive from said collector a certificate of purchase duly describing said tract and duly signed by said collector and countersigned by the clerk of the county court. And, whereas, said tract of land has not been redeemed according to law. And, whereas, the said James G. Warner has heretofore duly signed and indorsed said certificate of purchase to Robert A. Atkison, as appears by his written indorsement thereon.

"Now, therefore, I, James C. Clark, collector of Bates county, for and in consideration of the premises and the said sum of fifteen dollars and ninety-four cents to the collector of said county as aforesaid in hand paid by the said James G. Warner, at the time of the aforesaid sale and by virtue of the statute in such cases made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Robert A. Atkison, as assignee of the said James G. Warner, his heirs and assigns the above described tract of land. To have and to hold unto said Robert A. Atkison, his heirs and assigns forever, subject however to all the rights of redemption provided by law.

"In witness whereof, I, James C. Clark, collector as aforesaid, by virtue of the authority aforesaid have hereunto subscribed my name and affixed my seal, this twenty-seventh day of March, A. D. 1878.

"[SEAL]    J. C. CLARK,
"Collector of Bates County, Mo."

"STATE OF MISSOURI, }
                       } ss.
"County of Bates.   }

"I certify that on the twenty-seventh day of March, one thousand, eight hundred and seventy eight, person-

ally appeared before the undersigned, Wm. E. Walton, clerk of the county court in and for the county aforesaid, James C. Clark, collector of said county of Bates, who is personally known to me, the said Clark, to be the identical person whose name is subscribed to the foregoing deed as having executed the same for the uses and purposes therein mentioned.

"In testimony whereof, I have hereunto subscribed my name and affixed the seal of said court the day and year above written.

"[SEAL]             W. E. WALTON,
"Clerk of the County Court of Bates County, Mo.
          "By B. B. CANTERBURY, D. C.
"Filed for record at 9 A. M. March 27, A. D. 1878.
               "J. L. PACE,
                  "Recorder."

"STATE OF MISSOURI, ⎫
                   ⎬ ss.
"County of Bates. ⎭

"I, J. R. Simpson, recorder of deeds within and for the county of Bates and state of Missouri, hereby certify that the above and foregoing is a full, true and perfect copy of a deed from J. C. Clark, collector of Bates county, Mo., to Robert A. Atkison, as fully as the same appears on record in book O at page 99 of the records of my said office.

"In witness whereof I have hereunto set my hand and affixed my official seal. Done at office in Butler, this twenty-fifth day of July, 1886.

"[SEAL]             J. R. SIMPSON,
     "Recorder of deeds, Bates County, Mo."

To the introduction of this deed in evidence defendant objected for the following reasons:

"1. For the reason that it shows on its face that more than two years have elapsed after the property had been advertised for sale and forfeited to the state

before any certificate of purchase was ever issued to J. G. Warner.

"2. For the further reason that the statute does not make a certificate of purchase issued where the land has been forfeited to the state, and the taxes paid by any one, assignable as in case where the party purchases. This deed shows that at the alleged sale there were no purchasers and it was forfeited to the state, and J. G. Warner came in and paid the taxes and afterward came and received a certificate for it.

"3. We object to it for the further reason that the deed of its face shows that J. G. Warner paid no more for the certificate than the amount of the taxes, cost and penalty that was due at the time it was offered by the collector at public sale in October, 1873, whereas the statute requires him to pay interest from the alleged day of sale until the time of purchase and a penalty of ten per cent.

"4. We also object for the reason that the deed does not show upon its face that the county clerk had issued his order to the collector for him to receive from J. G. Warner the amount of taxes, interest, penalty and costs as required by statute.

"5. Also for the reason that the assignment, or alleged assignment, of the tax certificate from J. G. Warner to the plaintiff, Atkison, is not shown in the deed to have been in writing and upon the back of the certificate and over the hand of the said Warner, as required by statute.

"6. We make the further objection that the deed upon its face does not recite the facts which show any legal notice of the sale was given, as required to be made, at which it is alleged this property was forfeited to the state.

"7. Also the further fact that the judgment of the county court upon which this is based (and we will offer

that in support of this objection) fails to show upon its face that any legal judgment was or could be rendered against the property, for the reason that there is no sufficient recital of the notice of the application of the collector of the judgment, as required by the statute.

"8. We make this further objection that the amount of taxes that accrued on this property after the alleged forfeiture to the state was not included in the amount paid by the said Warner.

"9. We make this point, that on the face of the deed, after the alleged forfeiture of this property to the state for the taxes of 1872, it became the duty of the county clerk to carry that on the tax book and charge it to the collector, and the collector was then to sell the property as if no forfeiture had accrued to the state, to be collected as current taxes and the sale could only be made as in the case of current taxes, and this deed shows on its face that this course was not pursued."

Defendant's objections were sustained by the court; to which ruling of the court the plaintiff, by his counsel, then and there duly excepted at the time.

Plaintiff then offered the deed as the foundation for a money judgment for the amount of the taxes, redemption money and interest from date of payment. To this defendant objected, because no such issue was raised in the pleadings; thereupon plaintiff withdrew the deed for the last named purpose and took a nonsuit with leave to move to set the same aside. And thereupon the court rendered a final judgment in favor of defendant and against plaintiff and for costs. In due time plaintiff filed his motion to set aside the nonsuit on the ground that the court improperly excluded his tax deed, which motion the court overruled and plaintiff duly excepted and appealed to this court.

I.   The first three objections to the deed may properly be considered together as one.   It is this: From the recitals of the deed it appears that the tax on the lot in controversy was delinquent for the year 1872, and at the July term, 1873, of the county court judgment was rendered against it for taxes, interest and costs to the amount of $15.94.   Afterwards, on the sixth day of October, 1873, under a tax execution it was offered for sale and, for want of bidders, was forfeited to the state.   The deed then recites that afterwards, on the fifteenth day of February, 1876, two years and four months after the forfeiture, one James G. Warner paid the collector $15.94 and received his certificate of purchase of said land.   The objection was, that these recitals, on their face, show that Warner did not pay the amount due on the lot and was not entitled to a certificate of purchase.

Section 224, Laws of Missouri, 1872, page 130, provided that if any person should desire to purchase any tract of land or lot forfeited to the state, he should first procure from the county clerk an order on the collector directing him to receive from such purchaser the amount due on said tract or lot, which should include ten per cent penalty, in addition to the taxes, interest and costs thereon, and upon the presentation of this order and the payment to the collector of the amount of taxes, interest and costs then due with the ten per cent. penalty, he was entitled to a certificate of purchase.   By section 226, the amount of taxes due on forfeited lands and lots was added each year to the current tax.

It is apparent at a glance that Warner not only did not pay any of the interest accruing on the delinquent tax of 1872, after July, 1873, the date of the judgment, down to the time of his purchase in 1876, but he did not pay the ten per cent. penalty expressly

Atkison v. Butler Improvement Co.

required by section 224, Laws, 1872.  That this was a substantial failure to comply with the law can not be questioned.

Counsel for plaintiff seek to avoid this patent defect in the deed by excusing the collector, because "he could not know how much money to accept." But the law did not expect him to know how much was due.  It required the county clerk to certify to him the amount due.  As it is apparent that Warner did not pay the consideration exacted by positive statute, he was not entitled to a certificate of purchase, nor was he or his assignee entitled to a tax deed, but having obtained it, and the infirmity appearing on the face thereof, it is void, and conveyed no title, and the circuit court properly excluded it on this, if no other, ground.

II.  The next objection to the deed is that it nowhere shows that the county clerk issued any order to the collector to receive the taxes from Warner. Counsel for appellant insists that this is not required. We think otherwise.  The form prescribed in the statute was not expected to apply to every case that might arise.  Where it does apply it is mandatory.  The form prescribed by section 218, Act of 1872, on its face applies only to sales made to purchasers, or their assigns, at regular public sales by the collector, and obviously makes no provision for sales of forfeited lands.  Under such circumstances, we think, as the order of the county clerk was an essential prerequisite to the power of the collector to sell the land to a stranger, it was necessary to make a substantial recital of the order, and without it the deed is void.  "To hold otherwise we must indulge the presumption that the law was complied with in all respects, and to do this we must disregard the rule invariably adopted in regard to such sales."

*Gregg v. Jesberg*, 113 Mo. 34; *Hopkins v. Scott*, 86 Mo. 144; *Sullivan v. Donnell*, 90 Mo. 278.

Again, it was objected that the recital of the assignment of the certificate from Warner to Atkison was insufficient on its face. The language of the deed on this point is, "And whereas the said certificate of purchase to Robert A. Atkison as appears by his written indorsement thereon." The statute required this recital to be in these words, "And whereas the said (purchaser) did, by his indorsement *under his hand, written on the back of the certificate* of purchase to him executed —— for the tract of land so sold, as foresaid, at the time of said sale, said indorsement bearing date the —— day of ——, A. D. 18—, assign the said certificate of purchase to ——."

The assignment fails to show that it was under the hand of the assignor, or that it was on the back of the certificate, or that it was dated. It is no better than the assignment we held void in *Pitkin v. Reibel*, 104 Mo. 505, and *Pitkin v. Shacklett*, 106 Mo. 571.

There are many other objections to the deed, but these are sufficient to justify the learned circuit judge in excluding it. The judgment of the circuit court is affirmed. All of this division concur.