WILLIAMS *et al., Appellants,* v. McLANAHAN.

**Tax Deeds**: ESSENTIAL RECITAL. Section 217, p. 1205, Wag. Stat. requires the date of the execution or order of the county court authorizing the sale of land for the non-payment of taxes to be recited in the deed executed in pursuance of the sale; the absence of this recital is fatal to its validity.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

*Macfarlane & Trimble* for appellants.

It is competent for the Legislature to make a conveyance of land sold for taxes, *prima facie* evidence that everything has been done that is required by the statute in the proceeding upon which the sale is based, and prescribe the form of the deed; and the burden of proof is the shifted to the defendant, to show a want of conformity to the law in such proceedings. *Abbott v. Lindenbower,* 46 Mo. 293; *City of St. Louis v. Oeters,* 36 Mo. 463; *State v. Mantz,* 62 Mo. 262; Cooley Con. Lim. 288, 367; Sedgwick Con. St. 306; Cooley on Taxation, 355; Hillard on Taxation, 545; Blackwell on Tax Titles, (2d Ed.,) 79; *Callanan v. Hurley,* 4 Cent. Law Jour. 272.

The deed recites that the judgment was rendered in August, 1872, and that a sale, under an execution on said judgment, was made on the 7th day of October, 1872. The date of the execution is, therefore, fixed between the date of the judgment and sale. The law fixes no time for the issuance of the execution. Any time after judgment and before the day of sale is sufficient, (2 Wag. Stat., p. 1199, § 195). At any rate the deed should have been admitted and plaintiff allowed to show, *aliunde*, the date of the execution.

*Kennan & McIntyre* for respondents.

The tax deed is void on its face, because it does not comply strictly with the form prescribed by the statute, in this : It does not show the date of the execution or order under which said land was sold by collector, as required in said form.   2 Wag. Stat., p. 1205, Sec. 217.   Where the statute prescribes the particular form to be observed in the execution of the deed, that form becomes substance, and must be strictly pursued, or the deed will be held void. Blackwell Tax Titles, (2 Ed.) § 5, p. 368; *Chandler v. Spear,* 22 Vt. 388; *Kinney v. Beverly,* 2 H. & M. 318; *Doe v. Hileman,* 1 Scammon 323; *Atkins v. Kinnan,* 20 Wend. 249; *Davison v. Gill,* 1 East 64; *Williams v. Peyton,* 4 Wheat. 77.   The sale of land for taxes is a proceeding *in invitum* and against common right, and the requirements of the statute authorizing it must be strictly complied with; no presumptions are indulged in to favor them.   *Morton v. Reeds,* 6 Mo. 64; *Reeds v. Morton,* 9 Mo. 872; *Rubey v. Huntsman,* 32 Mo. 501; *Abbott v. Doling,* 49 Mo. 302; *Tanner v. Stine,* 18 Mo. 583; *Yankee v. Thompson,* 51 Mo. 234; *Keene v. Barnes,* 29 Mo. 377; *Stierlin v. Daly,* 37 Mo. 483;

NORTON, J.—This is an ejectment suit, instituted in the circuit court of Audrain county, for the recovery of the possession of lots 28, 29, 30, 31 and 32 in the town of Mexico.   The answer admitted possession, but denied that plaintiffs were the owners of, or entitled to, the possession of said lots.   Upon trial, judgment was rendered for the defendants, from which the plaintiffs have appealed to this court.   Plaintiffs offered in evidence, in support of their title, a tax deed executed by the collector of Audrain county, purporting to convey the lots in controversy to them.   To the introduction of this deed defendants objected on the ground that it was void on its face.   The objection was sustained, and this action of the court is the error complained of.   When lands are sold for taxes, the statute prescribes a form of deed to be executed by the collector

to the purchaser, and makes such deed *prima facie* evidence of the facts recited therein. 2 Wag. Stat., Sec. 217, p. 1205. Among other things required to be recited is the date of the execution, or order of the county court authorizing such sale. While the deed recites the judgment of the county court, it does not comply with the requirement of the statute in reciting the date of the order or execution which issued thereon, and, for this reason, we think the objection taken to the reception of the deed as evidence was well taken. The execution confers the power to sell, and it has been held that the recital of it, as well as its date are essential recitals.

In reference to sheriff's deeds, it was held in *Wilhite v. Wilhite*, 53 Mo. 74, that "the enumerated provisions of the statute which would seem to be essential recitals, are the names of the parties to the execution, the date when issued, the date of the judgment," &c. In reference to tax deeds, it is laid down in Blackwell on Tax Titles, Sec. 5, p. 403, "When the form of a deed has not been prescribed by law; but the statute simply authorizes the execution of a deed to the purchaser, any deed, which, according to the rules of the common law, would be sufficient to transfer the title of the former owner, and vest the estate in the purchaser, is regarded as an operative mode of conveyance, provided it recites the power under which it was made and is accompanied by proof that the law was strictly complied with. But when the statute prescribes the particular form to be observed in the execution of the deed, that form becomes substance and must be strictly pursued or the deed will be void."

Judgment affirmed with the concurrence of the other judges.

AFFIRMED.