| 90  | 93  |
|-----|-----|
| 104 | 509 |
| 90  | 93  |
| 143 | 490 |

</div>

## DUFF, *Plaintiff in Error*, v. NEILSON.

1.  **Practice** :  MOTION FOR NEW TRIAL, TIME OF FILING :  RECORD. Where the dates in the transcript show that the motion for new trial was filed within the statutory period, the objection that it does not appear when it was filed is not tenable.

2.  **Taxation** :  JUDGMENT FOR TAXES :  COLLECTOR'S AFFIDAVIT TO DELINQUENT LIST :  NOTICE.  A valid judgment for taxes could not be rendered under the law of 1872, where the collector failed to attach to the delinquent list the affidavit required by 2 Wagner's Statutes, section 190, page 1198, alleging, among other things, that due notice of application for judgment and sale had been given.

3.  **Tax Deed** :  RECITAL OF SPECIAL EXECUTION.  A tax deed which fails to recite the date of the issue of the special execution under which the property was sold is void, and the only way in which the deed can be corrected, as to mere form, is for the collector to make an entirely new deed, or insert the date of the execution in the old one and re-acknowledge it.

4.  ———— :  SPECIAL STATUTE OF LIMITATIONS.  A tax deed void on its face will not set the special statute of limitations in motion.

*Error to Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*A. W. Anthony* for plaintiff in error.

(1) The tax sale of the block in dispute was made under the act of March 30, 1872, Laws of Missouri, 1872, page 80. Adj. Ses. 26th Gen. Assembly. The tax deed is absolutely void on its face. (2) It does not recite that the sale was made between the hours of 10 A. M. and 4 P. M. (Acts 1872, *supra*, sec. 199, p. 124), and is otherwise defective. *Large v. Fisher*, 49 Mo. 307 and cases cited ; *Spurlock v. Allen*, 49 Mo. 178 ; *Abbott v. Dowling*, 49 Mo. 302. (3) The tax deed does not state whose interest is conveyed. *Einstein v. Gay*, 45 Mo. 62. (4) It does not recite the property was assessed and judgment entered against the true owner. *Hume v. Wainscott*, 46 Mo. 145. (5) The officer does not state what sort of notice he gave. 49 Mo. 178, *supra*. (6) It was shown in evidence by plaintiff, that no entry of collector's affidavit was made in judgment book. Acts 1872, sec. 191, p. 121. (7) The deed is void in that it recites a sale at the ''court house.'' Acts 1872, section 184, page 119, require the notice given to sell, and the sale to be made '' at the place of holding court in said county.'' The place of holding court is not necessarily at the '' court house,'' and frequently is not. The law must be strictly complied with. *Rubey v. Huntsman*, 32 Mo. 501 ; *Yankee v. Thompson*, 51 Mo. 234; *Lagrue v. Rains*, 48 Mo. 536. (8) The deed reciting that all the requisites of the statute have been complied with is not sufficient. It is void. · Authorities *supra* and *Hubbard v. Gilpin*, 57 Mo. 441 ; 49 Mo. 178, *supra*. (9) Laws of 1872, *supra*, section 221, does not apply unless the holder is in the actual occupancy of the premises during the three years. · (10) A void deed does not put in motion the three years limitation. *Mason v.*

*Crowder*, 85 Mo. 526. (11) The date of the execution was not recited in the deed, as made and delivered to defendant, and by him put on record. The deed is void. *Williams v. McLanahan*, 67 Mo. 499.

*John D. Neilson pro se.*

It does not appear from the bill of exceptions when the motion for a new trial was filed, and as it is not affirmatively shown that it was within four days after the trial, no error not appearing upon the record proper can be considered. *Bollinger v. Carvier*, 78 Mo. 318; *Moran v. January*, 52 Mo. 523; *State to use of Leissel v. Carondelet Savings Bank*, 6 Mo. App. 582. The tax deed under which the defendant claims, is in the form prescribed by the statute, and contains all the necessary recitals as laid down by section 217 of the revenue law of 1872. The authorities referred to by appellant are cases where no form was prescribed by law, or the form was not followed. A deed following the legislative form is sufficient, and the one in controversy was valid upon its face, and the objections to its admission were properly overruled. 2 W. S. of 1872, sec. 217.; *Skinner v. Williams*, 85 Mo. 489; *Railey v. Gwinn*, 76 Mo. 253. The deed being fair upon its face, the three years limitation was a complete bar to plaintiff's recovery. 2 W. S., 1872, p. 1207, sec. 221; *Skinner v. Williams*, 85 Mo. 489. The tax deed being valid upon its face, the only evidence offered by plaintiff to overthrow it was, that the collector's affidavit to the delinquent list was not copied into the judgment book. This did not render the sale void. It was a mere formal matter, and not essential to the valid exercise of the taxing power. *Railey v. Gwinn*, 76 Mo. 263. The instructions not being copied, the presumption will be indulged that the court below properly declared the law. *Birney v. Sharp*, 78 Mo. 73. And in this case, the instructions

not being copied, the court having passed upon the question of the validity of the tax deed, of adverse possession, limitations and defendant's possession, etc., the Supreme Court will assume the facts to be as the court found them, and will affirm the judgment. *Gaines v. Fender*, 82 Mo. 487; *Birney v. Sharp*, 78 Mo. 73; *Hamilton v. Boggess*, 63 Mo. 233; *Miller v. Breneke*, 83 Mo. 163; *Cunningham v. Snow*, 82 Mo. 587. The same rule applies where there were instructions, but are lost and not copied in the transcript. See above cited authorities. Plaintiff is barred under act of February 27, 1874, suit not having been brought within one year after the approval of said act. Session Acts 1874, p. 118.

SHERWOOD, J.—Ejectment for block twenty-nine, in the town of Versailles. Defendant claims under a tax deed executed under the law of 1872.

I. It sufficiently appears from dates in the transcript that the motion for a new trial was filed within the statutory period ; and this is all that is required.

II. Section 190 of the Laws of 1872 (2 W. S., p. 1198), required the collector to file with the county clerk a list of delinquent lands and lots at least five days before the commencement of the term at which application for judgment was to be made, and required the clerk to receive and record said list in a well bound book called the "judgment book." That section also required the collector to attach to said delinquent list his affidavit declaring that the list was correct, etc.; that he was unable to collect the taxes on the delinquent lands; that such taxes remained due and unpaid, and that due notice of application for judgment and of sale had been given as required by law. This affidavit the clerk was to enter on record at the foot of the delinquent list, against which the judgment was to be rendered. This section of the statute did not meet with compliance in this instance, and of course the county court had no

valid basis on which its judgment for the sale of the land for taxes could rest. The object of that section of the statute in requiring the affidavit of the collector was to show that the notice of the intended judgment had been given. Without such notice no valid judgment could be pronounced.

III. Moreover the tax deed was void on its face. When first recorded it contained no statement as to the date when the special execution, under which the property was sold, issued. The statute is express on this point, that the date of such special execution shall be given. And it has been ruled that this recital in the tax deed is essential; and its absence fatal. *Williams v. McLanahan*, 67 Mo. 499. And the complexion of this case is not altered for the better by reason of the fact that when the omission of the date was discovered the omission was supplied and the deed re-recorded, inasmuch as it does not appear who supplied the omission. Nor does it appear that if the collector did make the correction that *he re-acknowledged the deed before it was again put to record*. If, as already seen, the deed was void without the recital of the date, etc., so also was the acknowledgment of such a deed, and, therefore, the only way to correct the deed so far as *mere form* was concerned, was for the collector either to make and acknowledge a new deed out and out, or else to insert the date, etc., in the old deed and then re-acknowledge it; but this was not done. The defendant, testifying on this point, says: "After the deed was recorded, I noticed the blank space in the deed, I then presented it to the collector and clerk of the court, and asked to have the blank filled; the clerk looked at the record of the sale and the date of the execution, and *we then put the date in the deed*. Afterwards I again filed the deed for record."

IV. Since the deed was void, by reason of the fore-

going matters, the special statute of limitations would not run.

The judgment is reversed and the cause remanded. All concur.