Pitkin v. Reibel.

PITKIN *et al.*, *Plaintiffs in Error*, v. REIBEL *et al.*

DIVISION TWO.

1. **Tax Deed:** FORM PRESCRIBED BY STATUTE. Where the statute prescribes a particular form for a tax deed, such form becomes substance and must be strictly followed or the deed will be void.

2. **Tax Sale:** ASSIGNEE OF PURCHASER: DEED: STATUTE. The revenue act of 1872 ( 2 Wag. Stat., pp. 1205-6, sec. 207 ) makes certificates of purchases at tax sales assignable "by indorsement thereon under the hand of the purchaser." Section 216 authorizes the collector to make a deed to the assignee, but requires the deed to recite the fact of the assignment ; and section 217 prescribing the form of the deed requires a recital that the indorsement was under the hand of the purchaser written on the back of the certificate of purchase. *Held* that a deed simply reciting that the purchaser had assigned to the grantees all his " right, title and interest in and to said land " was void because not substantially complying with the statute.

3. **Tax Deed:** LIMITATION. The tax deed being void the statute of limitations provided by section 221 of said act of 1872 did not run.

4. ———: SUCCESSFUL CLAIMANT: REIMBURSEMENT OF TAXES PAID. Recovery can be had for taxes paid, by an assignee or person claiming under the purchaser at the tax sale, under section 219 of said act of 1872, which provides that if the holder of a tax deed or one claiming under him by virtue thereof be defeated in an action for the recovery of the land he may recover of the successful party " the full amount of the taxes paid by the tax purchaser at the time of the purchase and all the subsequent taxes paid by him," interest, etc.

5. ———: ———: ———. Though the tax deed is insufficient to transfer title, still it is sufficient evidence of the assignment, to enable the grantee to recover the taxes paid.

*Appeal from Scotland Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*McKee & Jayne* for plaintiffs in error.

The court erred in finding for defendants in matter of possession. 2 Wag. Stat., secs. 216, 217, p. 1205, and secs. 218, 219, p. 1206; *Railey v. Guinn,* 76 Mo. 635. The court erred in refusing to find and render judgment for plaintiffs, and in their favor, for an amount equaling the amount by them paid at tax sale, as purchase money, and the taxes on the lands by them subsequently paid, with interest, when it found in defendants' favor in the matter of recovery. 2 Wag. Stat., sec. 219, p. 1205.

*John C. Moore* for defendants in error.

(1) The writ of error should be dismissed because the court overruled the motion in arrest before overruling the motion for a new trial. *Cincinnati, etc., v. Case,* 23 N. E. Rep. 797; s. c., 122 Ind. 310. (2) The tax deed is fatally defective. It does not comply with the statutory form as to reciting the manner of the assignment of the certificate of purchase. Where the statute prescribes the particular form of a tax deed, the form becomes substance and must be strictly pursued or the deed will be void. Black on Tax Titles, sec. 211, p. 268, and cases there cited; *Duff v. Neilson,* 90 Mo. 93; *Williams v. McLanahan,* 67 Mo. 499; *Callahan v. Davis,* 90 Mo. 78; *Pearce v. Tittsworth,* 87 Mo. 639; *Mason v. Crowder,* 85 Mo. 526. The tax deed being void did not set the special three years' statute of limitations in motion, and defendants being in possession were not required to bring suit. Rehearing decision in *Mason v. Crowder,* 85 Mo. 526; *Pearce v. Tittsworth,* 87 Mo. 635; *Callahan v. Davis,* 90 Mo. 78; *Duff v. Neilson,* 90 Mo. 93.

MACFARLANE, J.—Ejectment to recover possession of the northeast quarter of the southeast quarter, section

19, township 66, range 10, in Scotland county. The petition is in the usual form.

The answer denies certain allegations of the petition, pleads the ten years' statute of limitations, and sets up specially that plaintiff's claim of title was through a certain tax deed which is copied in full in the answer, alleges that the deed was void and plaintiff acquired no title thereunder.

Plaintiff replied, admitting that his only claim of title was derived through said tax deed, and asked, if his deed was ineffectual to pass the title, that he be given judgment for taxes paid on the land, penalties and interest, and that it be declared a lien on the land.

The south half of said section 19, with other lands, was sold by the collector of the county of Scotland in October, 1872, for the taxes of the year 1871, and one M. Vogel became the purchaser of the whole tract for the sum of $28.96. On the twenty-eighth day of May, 1875, a deed was made by the collector to plaintiffs as assignees of Vogel, the purchaser, which was duly recorded. The sale was made under the revenue act of 1872, which is chapter 118, 2 Wagner's Statutes. The deed was in exact conformity with the forms prescribed by section 217 of said act, except in two or three particulars, only one of which need be noticed.

In case the certificate of purchase had been assigned by the purchaser, and the deed was made to the assignee, the following recitals were required by the act: "And whereas the said —— (purchaser) did by his indorsement under his hand, written on the back of the certificate of purchase to him executed for the tract of land so sold as aforesaid at the time of said sale, said indorsement bearing date the —— day of ——, A. D. 18—, assign the said certificate of purchase to ——— (the assignee)." The recital in the deed was as follows: "And whereas said M. Vogel has duly assigned to Pitkin and Leslie all his right, title and interest in and to said lands acquired as aforesaid."

Plaintiffs also proved the payment of taxes on this land by them for the years 1872, 1873, 1874, 1875 and 1876. The judgment was for defendants and plaintiffs bring the case to this court by writ of error.

I.   It has been held by repeated decisions of this court, giving construction to the revenue act of 1872, and other acts, containing similar provisions, that, where the statute prescribed a particular form to be observed in the execution of a deed, that form becomes substance, and must be strictly followed or the deed will be void. *Williams v. McLanahan*, 67 Mo. 499; *Pearce v. Tittsworth*, 87 Mo. 637; *Hopkins v. Scott*, 86 Mo. 145; *Sullivan v. Donnell*, 90 Mo. 281.   BLACK, J., in construing the provisions of the charter of Kansas City, which requires the tax deed to be substantially in the form prescribed, and makes it *prima facie* evidence of all its required recitals, says: "There can be no doubt that the deed, to be any evidence at all, must be in substantial compliance with the form. This is the criterion established by the legislature, and we have no power to vary it."

Section 207 of the act of 1872 makes the certificates of purchase assignable "by indorsement thereon under the hand of the purchaser." Section 216 authorizes the collector to make a deed to the assignee, but requires the deed to recite the fact of the assignment, and section 217 prescribing the form of the deed requires a recital that the indorsement was under the hand of the purchaser, written on the back of the certificate of purchase. These requirements were not even substantially complied with in the deed under consideration. The deed simply recites that the purchaser had assigned to plaintiffs all his "right, title and interest in and to said land."

The assignee derives his right to a conveyance from the collector solely from the statute. The statute only authorizes such a conveyance upon the condition that the certificate is assigned, by indorsement in writing

thereon, under the hand of the purchaser. The deed itself is required to furnish the evidence of the assignment. The deed totally failed to show any of the facts made necessary under the statute to authorize a conveyance to plaintiffs, and did not follow "as near as possible" the form prescribed. Under the authorities cited above, the deed must be held inoperative as a conveyance of the land to plaintiffs.

II. The deed being void, the statute of limitations provided by section 221 of the act of 1872 was never put in motion. *Callahan v. Davis*, 90 Mo. 81; *Duff v. Neilson*, 90 Mo. 93.

III. Plaintiffs having been properly defeated in their claim for the possession of the land, are they entitled to judgment for the amount of taxes paid, with penalties and interest as authorized under section 219, 2 Wagner's Statutes, 1206? The part of the section applicable is as follows: "And if the holder of a tax deed, or the party claiming under him by virtue of a tax deed, be defeated in an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay such party claiming under the tax deed, except in cases where the land was not subject to taxation, or the taxes for which the same was sold were paid before the sale, or it has been redeemed according to law, the full amount of all taxes paid by the tax purchaser on such lands at the time of the purchase, and all subsequent taxes paid by him, together with the amount of the redemption money provided for by law, and interest on the whole amount of such taxes from the time of the payment thereof, at the rate of ten per cent. per annum; which judgment shall be a lien upon the real estate in controversy, and may be enforced by execution as in other cases of judgments and decrees of such court."

It is evident that, giving the statute a strict construction in this particular, as has been given it in construing those provisions relating to the transfer of

title, no recovery could be allowed. We think no such strict and narrow construction should be given. The provisions for reimbursement are remedial in their nature, and the construction with respect to them should be liberal and according to existing equities. The tax was a charge upon the land. The owners owed a duty, not only to the state, but to every other property-owner and taxpayer in the state to discharge all his duties of citizenship, among the most important and necessary of which is the payment of taxes. There can be no doubt, that, should one pay the taxes of another, though voluntarily, a moral obligation, at least, would arise, to have reimbursement.

Under the act in question the state undertook to adopt methods and provide proceedings to insure the collection of the revenues. Previous laws for the sale of land for the taxes charged against it had been substantially fruitless. Experience had taught that summary proceedings for the sale and transfer of lands for taxes could not be made effectual. Considering the previous laws and their practical insufficiency it is evident that the provision of the act now under consideration was designed to have an equitable operation so as to insure to purchasers, in case of failure of title under a sale, reimbursement for the amount paid to the state. The statute was evidently designed to have an operation in the nature of an equitable subrogation to the liens on the land held by the state. Taking that view of the statute, it is clearly remedial, and should be given a liberal and equitable construction.

Such construction has been given the statute by this court in *White v. Shell*, 84 Mo. 569. In that case the court says: "Statutes like that under consideration are found in the laws of many states. They stand upon grounds of broad equity; are remedial. The owner of the property cannot rightfully complain if he is thus required to discharge his share of the public burdens though the sale be invalid." SHERWOOD, C. J., in a

recent case, in commenting on the case of *White v. Shell*, uses this language: "The purchaser at the tax sale, void though it was, acquired a broad equity; an equity as broad as the general statutory provisions under which he purchased." *Bingham v. Birmingham* 13 S. W. Rep. 208. In the same case, on rehearing, he extends the "broad equities" to the provisions of the charter of Kansas City. 103 Mo. 345.

The statute does not limit the right to recover taxes paid to the purchasers but such right inures to the benefit of the person holding the tax deed, and any party claiming under him, and necessarily includes the assignee of the purchaser.

The person entitled to reimbursement, whether the purchaser, his assignee or person claiming under him, may recover "the full amount of all taxes paid by the tax purchaser at the time of the purchase, and all subsequent taxes paid by him." While the right is given in express terms to recover all the taxes paid by the purchaser, whether at the time of the purchase, or subsequent thereto, the right to recover the amount paid by an assignee, or person claiming under the purchaser, is not expressly given. While the letter of the statute fails to make provision for reimbursement to an assignee for taxes paid by himself, under the liberal interpretation given it, we think it necessarily implied. Authority is given to assign the certificate at any time, and such assignment under the provisions of section 207 "shall vest in the assignee all the right and title of the original purchaser." The rights conferred would, for his protection, impose corresponding duties. One of the rights would be that of obtaining a deed at the end of two years from date of sale. A duty is imposed by section 210, of paying the taxes on the land accruing subsequent to the purchase, and preventing another sale. Certain forfeitures are incurred by a failure to perform this duty. The right of the assignee to pay the taxes, and in case of failure of title to be reimbursed therefor,

must necessarily be implied, otherwise he does not obtain by the assignment all the rights of the purchaser.

IV. The next, and most troublesome, question is, whether the deed is sufficient evidence to authorize plaintiffs, as assignees, to recover the taxes paid by the purchaser.

The statute (sec. 216) requires the collector to make to the purchaser, or his assignee, a deed of conveyance to the land upon production of the certificate of purchase of the same. "In case the certificate of purchase has been assigned, the collector shall briefly recite that fact in the deed." The assignment vested in the assignee "the right and title" of the original purchaser. The deed recites the assignment of the "right, title and interest of the purchaser, in and to the lands acquired as aforesaid."

It is true the collector is required to recite in his deed certain facts, in reference to the assignment, which were wholly omitted from this one, yet he does recite an assignment; insufficient though it be to make a valid conveyance, it is, we think, sufficient *prima facie* proof of an assignment. We have the right to indulge in the presumption that the collector, as a public officer, did his duty, and required the production of the certificate before the conveyance was executed, and to see that the assignment was indorsed thereon under the hand of the purchaser, as required, before the deed could be lawfully made. *Baker v. Underwood,* 63 Mo. 385; *Eads v. Stephens,* 63 Mo. 90.

The presumption that the assignment was in exact conformity to the requirements of the statute could not be entertained, in order to validate the deed as a conveyance. The manner of the assignment should have been recited in the deed in order to make the deed as a conveyance valid. *Yankee v. Thompson,* 51 Mo. 234.

It is not necessary, as we have seen, in order to recover the taxes, that the sale and deed should be valid.

Pitkin v. Reibel.

Indeed, the right of recovery is predicated upon the invalidity of the deed.

The statute itself seems to have intended the deed to operate in the alternative.   If found insufficient, as a conveyance, it should operate as evidence of the purchase and assignment.   It provides that if the holder of the tax deed be defeated in an action for the recovery of the land, then the successful claimant shall be adjudged to pay him the amount of taxes paid, penalties and interest ; only the one trial seems to be contemplated.   The evidence in the possessory action, so far as it may go, seems to have been intended to be sufficient to authorize a recovery of the taxes, though the deed, as a conveyance, should be void.

Plaintiffs' right to recover these taxes paid only arose upon his being defeated in his action to recover the land, and, therefore, the statutes of limitation did not commence to run against this claim, and have no application to it independent of his right of action to recover the land.   If it had been shown that defendant and those under whom he claimed had been in the actual possession of the land for ten years consecutively between the date of the tax deed and the commencement of this suit, a different question would arise.

The plaintiffs should have had judgment for taxes paid, penalties and interest, as provided by section 219. If the taxes on the tract in question are included in that of the larger tract sold, the judgment should only be for its proper proportion of tax.

Judgment reversed and cause remanded, and the circuit court is directed to enter judgment for plaintiff in accordance with this decision.   All concur.