GUY RUDD, Appellant, v. ELIJAH SCOTT.—No. 38640.—175 S. W. (2d) 774.

Division One, December 6, 1943.

*Davis Benning* and *F. D. Wilkins* for appellant.

*May & May* for respondent.

1208

BRADLEY, C.—Action under Sec. 1684, R. S. 1939, Mo. R. S. A., Sec. 1684, to determine title to the south half of lot 39, block 10, M. S. Allen's 5th Addition to the city of Louisiana, Pike County. The judgment vested title in defendant, and plaintiff appealed. Hereinafter, we refer to the real property in question as the lot.

Plaintiff alleged that he was the fee simple owner of the lot, and that defendant claimed some interest adverse to him. The prayer was that the court determine "the exact title and interest of the parties" in the lot, and to adjudge that plaintiff was "the fee simple owner" thereof, and that defendant had no "title or interest" therein, and that defendant "be forever enjoined and restrained" from asserting or claiming any interest in said lot.

The answer alleges: "That defendant is the owner of the title in fee simple to the real estate described in plaintiff's petition; and avers that plaintiff has no right, title or interest in and to said real estate; and further avers that on November 6, 1939, defendant purchased said real estate by due and orderly proceedings had, from D. B. Bibb, Collector of the Revenue in and for Pike County, Missouri, and received a deed in due form of law and duly executed and delivered by the said D. B. Bibb, collector, as aforesaid, conveying to defendant said premises; that said premises were sold at public auction thereof by the said D. B. Bibb, collector, as aforesaid, on the said 6th day of November, 1939, pursuant to the statutes of Missouri, in such cases made and provided, and in accordance therewith, for the delinquent taxes duly assessed and levied against the same, and defendant became the pur-

chaser as stated herein and the owner of said premises; that plaintiff has no right, title or interest in or to said real estate.''

Defendant asked the court to adjudge and decree that defendant was ''the true and lawful owner of said real estate, and that the plaintiff has no right, title or interest therein, and that plaintiff be enjoined and restrained from interfering with defendant's title and with his tenants in the collection of the rents thereon.''

The reply denied generally the new matter in the answer, except that it admitted that whatever interest defendant claimed in the lot was derived from the ''pretended sale'' for the taxes mentioned in the answer, and the reply alleged that the tax sale and the tax deed under which defendant claimed were void, and conveyed no title, and asked that a ''decree be entered herein cancelling and removing said deed as a cloud upon plaintiff's title.''

The reply further alleged: ''That heretofore and in compliance with the statutes in such cases made and provided, he (plaintiff) offered to refund to the defendant, all moneys paid by the defendant pursuant to said purported and pretended sale, together with interest thereon at the rate of ten per cent per annum from the date of such payment; . . . and plaintiff again and in compliance with the statute in such cases made and provided now offers to refund to the defendant herein, all amounts paid by him with interest thereon at the rate of ten per cent from the date of such payment to the date of judgment herein and that the court by its decree ascertain, try and determine such amount which said amount is here tendered into court as required by law.''

Plaintiff introduced a warranty deed, executed and acknowledged on May 6, 1937, from James L. and Robert Mallory, conveying the lot in question to plaintiff for a consideration of $150. This deed was recorded July 12, 1937. Also, plaintiff introduced a quitclaim deed, executed and acknowledged on April 11, 1938, from Robert Page and wife, conveying whatever claim they had in the lot to plaintiff. This deed was recorded July 22, 1938. The quitclaim deed recites a consideration of $1.00, but plaintiff paid the Pages $175 for the deed. The land was sold November 6, 1939, under the Jones-Munger law, Secs. 11108 et seq., R. S. 1939, Mo. R. S. A., Secs. 11108 et seq., for delinquent taxes for the years 1932-1936. There was no bid at the two previous offerings. The total taxes, interests and costs for the delinquent years was $33.01; defendant's bid at the sale was $12.50; the monthly rental value was $12.00, only .50 cents less than defendant's bid. The assessed value for the years delinquent was $150, except 1932, when the assessed value was $130. Plaintiff made improvements on the lot of the value of $300, and the reasonable market value on November 6, 1939, date of sale, was $600. Plaintiff paid the taxes on the lot for the year 1938, the year before the sale, and for the year 1940, the year following the sale, and commenced this cause February 19, 1941.

Defendant introduced the collector's deed executed November 6, 1939, and what is termed the collector's corrected deed ~executed October 9, 1941, after this cause was commenced.

The principal defense, and about the only defense, made by defendant in support of the judgment in his favor, is that the suit is one at law and not one in equity and that in such situation, the court could not set aside defendant's tax deeds. Plaintiff concedes that the cause stated in the petition was one at law, but contends that the answer and reply converted the cause to one in equity. The cause was tried January 20, 1942, and taken under advisement until November 23, 1942, and when decided, the trial court, according to statement in plaintiff's brief, said: ''Counsel in the case are at variance in their conviction whether it is an equity suit or whether it is a suit at law, claiming that by reason of the relatively small bid compared with the value of the property made it a fraud on its face and, of itself, claiming the property was worth in the neighborhood of $600, and sold for only $12.50. If it should be a proceeding in equity and not at law, such a contention would be sustained.''

If plaintiff's cause may be properly considered as one on the equity side of the court, so that a judgment setting aside the collector's deeds would be within the scope of the pleadings, then the deeds should be set aside because the bid of $12.50, the consideration for the deeds, is so grossly inadequate as to shock the conscience and of itself renders the sale void. See Bussen Realty Co. v. Benson et al., 349 Mo. 58, 159 S. W. (2d) 813, l. c. 819; Mahurin et al. v. Tucker (Mo. Sup.), 161 S. W. (2d) 423; J. C. Nichols Inv. Co. v. Roorbach et al. (Mo. Sup.), 162 S. W. (2d) 274; Kennen et al. v. McFarling et al., 350 Mo. 180, 165 S. W. (2d) 681, l. c. 684; Heagerty v. Hawkins (Mo. Sup.), 173 S. W. (2d) 923, l. c. 928.

Sec. 11179, R. S. 1939, Mo. R. S. A., Sec. 11179, required plaintiff, as a condition precedent, to offer, in his petition, to refund all taxes, etc., paid by defendant. Hawkins v. Heagerty, 348 Mo. 914, 156 S. W. (2d) 642. Plaintiff did not make such offer in the petition, but without objection [776] that such evidence was not within the scope of the petition, plaintiff testified that when he ''found out'' about the sale, which was shortly thereafter, he went to defendant and offered to refund, and that defendant refused. Also, plaintiff testified that the reasonable market value of the lot on November 6, 1939, date of sale, was $600. Defendant objected to the evidence as to the value of the lot on the ground that such evidence was immaterial, but did not object on the ground that such evidence was not within the scope of the pleadings. And, as appears, supra, defendant introduced the collector's original deed and the corrected deed, which deeds showed defendant's bid, that is, the consideration paid for the lot. In the situation, the petition should be considered as amended to

conform to the proof.· Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S. W. (2d) 723, 1. c. 726, and cases there cited. See also, Lynch v. Baldwin et al. (Mo. Sup.), 117 S.· W. (2d) 273, 1. c. 274; Philibert v. Benjamin Ansehl Co., 342 Mo. 1239, 119 S. W. (2d) 797, 1. c. 799; Robinson v. Kansas City Public Service Co., 345 Mo. 764, 137 S. W. (2d) 540, 1. c. 554; Jenkins v. Kurn et al., 348 Mo. 942, 156 S. W. (2d) 668, 1. c. 672; Gilliland v. Bondurant et al. (Mo. App.), 51 S. W. (2d) 559, 1. c. 569, and cases there cited.

Also, pertinent to the contention of defendant that the cause cannot be considered as one on the equity side of the court, is the answer and the reply, as plaintiff contends. And we might say here that there was no claim that the reply was a departure and there was no motion to strike. It will be noted that the answer pleads the collector's deed. The reply offers to refund, and also alleges that the tax deed "is illegal, invalid, and void." Sec. 931, R. S. 1939, Mo. R. S. A., Sec. 931, among other things, provides that a plaintiff, in the reply, may allege "any new matter not inconsistent with the petition, constituting a defense to the new matter in the answer." Hence, it would appear that the allegations of plaintiff's reply, in view of the answer, are proper, except the offer to refund which the statute requires to be made in the petition.

The judgment should be reversed and the cause remanded with directions to enter a decree setting aside defendant's tax deeds and vesting title in plaintiff, conditioned upon a refund to defendant of the taxes and the interest and the costs in connection therewith as provided in Sec. 11179, R. S. 1939, Mo. R. S. A., Sec. 11179 [Heagerty v. Hawkins (Mo. Sup.), 173 S. W. (2d) 923, cited, supra]. It is so ordered. *Dalton* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.