Susan L. HEPPLER and Joseph C. Heppler, Appellants,

v.

W. S. ESTHER and Madra Esther, Respondents.

No. 9837.

Missouri Court of Appeals, Springfield District.

Feb. 6, 1976.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 27, 1976.

Application to Transfer Denied April 14, 1976.

Kenneth O. McCutcheon, Jr., Woolsey & Yarger, Versailles, for appellants.

Morgan M. Moulder, Camdenton, for respondents.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

FLANIGAN, Judge.

On October 25, 1973, plaintiffs Susan L. Heppler and Joseph C. Heppler filed this non-jury action to cancel a collector's deed to Lot 37 in a certain subdivision in Camden County, Missouri. On August 26, 1968, the collector sold the lot at a tax sale to the defendants for $200. On August 26, 1970, the collector executed and delivered the deed to the defendants. Plaintiffs held title prior to that delivery.

The petition alleged that the deed was void "because the consideration paid for same was so unconscionably inadequate . . . that it constituted a fraud." The petition also alleged that the deed was recorded on August 27, 1970.

The answer, after denying certain portions of the petition, alleged that the action was barred by § 140.590 V.A.M.S. That statute, with exceptions not here involved, provides: "Any suit . . . against [a] tax purchaser . . . for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes . . . shall be commenced within three years from the time of recording the tax deed, and not thereafter."

The reply alleged that § 140.590 was no bar in that the deed was void on its face because the consideration was unconscionably inadequate.

Both sides offered evidence. The court found the issues in favor of the defendants and adjudged the deed to be a valid one. Plaintiffs appeal.

Plaintiffs' first point is that the trial court should have set aside the deed because it was void on its face. Plaintiffs advance two independent grounds to support their claim of invalidity. The first ground is that the consideration was unconscionably inadequate. The second ground is that the deed failed to recite the years "of non-payment of taxes, costs and charges." Review of the second ground discloses its merit and nullifies the deed. Thus the soundness of the first ground escapes appellate scrutiny.

Section 140.460 V.A.M.S. provides for the execution of a tax deed by the

county collector. That statute, in addition to making other requirements including witnessing by the county clerk, provides in relevant part: "Such deed shall be in the following form, as nearly as the nature of the case will admit, namely . . ." The statute then sets forth the form of the deed, which includes the following: ". . and which lot was sold to ___ for the sum of ___ dollars and ___ cents, being the amount due on the following tracts or lots of land, returned delinquent in the name of G. H., for nonpayment of taxes, costs and charges for the year ___ . . ."

The instant deed was void for the reason that the space following the word "year" was left blank.

"When the statute prescribes the particular form to be observed in the execution of the deed, that form becomes substance and must be strictly pursued or the deed will be void." *Williams v. McLanahan*, 67 Mo. 499, 501 (1878).

"When the statute provides that the tax deed shall be substantially in the form prescribed, though such form need not be literally, it must be substantially, followed. While it is not necessary, in such cases, to make the recitals in the words employed in the prescribed form, it is necessary that the recitals, required in such form, be substantially made and, if not so made, such omission is fatal to the deed." *Hopkins v. Scott*, 86 Mo. 140, 144 (1885).

*Hopkins* also holds that the failure of the deed to contain the statutory recital is not cured by the fact that other required recitals contained in the deed support an inference of the fact which the missing recital should have stated. So, here, the legislature has required that a certain fact be stated "as nearly as the nature of the case will admit," § 140.460 V.A.M.S., and this court is not authorized to eliminate from the statute a recital which the legislature has declared to be a necessary ingredient of a tax deed. As *Hopkins* points out, it must be presumed that the legislature deemed all

the recitals, which it required to be set out, material.

Although the Missouri statutes pertaining to the collection of delinquent real estate taxes have undergone revision, including the enactment of the Jones-Munger Law in 1933, the foregoing principles retain their vitality.

"Under the Jones-Munger Act, the proceedings preliminary to and the sale of property by the Collector for delinquent taxes is administrative in character; such preliminary proceedings and sale are nonjudicial and ex parte in their nature. No court guides the Collector or his proceedings, and he proceeds upon his own advice . . . [I]n his preparation and execution of . . . his deed the Collector must strictly follow and observe the admonition of the statutes in this summary process of taking away from the citizen the title to the latter's land. In this case the Collector did not observe the statutes. And in such case equity will afford relief." *Costello v. City of St. Louis*, 262 S.W.2d 591, 596[9] (Mo. 1953).

The collector's deed did not meet the requirements of § 140.460 V.A.M.S. and it was therefore void on its face. *Jamison v. Galloway*, 254 S.W. 101, 102[1] (Mo.1923); *Klorner v. Nunn*, 318 S.W.2d 241, 245[1] (Mo.1958) and authorities there cited.

Defendants seek to counter plaintiffs' attack upon the deed in two ways.

■ First, defendants say that the tax deed did conform with the statute "in every respect." Defendants predicate this argument on the contents of their Exhibit A, which was the collector's deed. In Exhibit A, the blank in question was filled in; that is, the years of non-payment were shown.

The flaw in defendants' position is that Exhibit A was recorded twice. It was first recorded on August 27, 1970, with the blank left blank (that form of the deed is plaintiffs' Exhibit 3). It was rerecorded on September 1, 1970, with the blank filled in; that is, the years of non-payment were

shown (that form of the deed is plaintiffs' Exhibit 2).

The circumstances surrounding the filling in of the blank prior to the deed's re-recordation are somewhat vague. The collector, Floy Hanks, who was a witness for *defendants*, testified that he signed the deed only once and acknowledged it only once. "I never changed the deed." He also testified that on occasion he had given correction deeds but that he had never changed a deed. If the deed had been changed, he said, it was changed by someone else.

Defendant Esther testified that "there was something wrong with the first deed" and that he had it recorded twice because "there may have been an omission and so that was corrected. . . . I took it back to the recorder." This testimony was then elicited.

"Q. Well, did he correct it for you?

A. He referred to Mr. Hanks and they corrected it or did whatever they needed to do.

Q. Did you observe what it was that they did?

A. No, I was probably there but—

Q. Did you observe when Mr. Hanks gave you a new deed?

A. No.

Q. It was the same deed that you got back?

A. I presume so.

Q. It was after that that you recorded the deed again?

A. I presume so."

It is clear from the examination of defendants' Exhibit A that the blank was filled in and the instrument was re-recorded but it was not, in its amended form, re-executed by the collector or re-witnessed by the county clerk or re-acknowledged.

The filling in of the blank and the re-recordation of the deed did not give it life.

In *Duff v. Neilson*, 90 Mo. 93, 2 S.W. 222 (1886), a tax deed, when first recorded, was held void on its face because of an omission. At p. 223 the court said: "And the complexion of this case is not altered for the better by reason of the fact that, when the omission of the date was discovered, the omission was supplied and the deed re-recorded, inasmuch as it does not appear who supplied the omission; nor does it appear that if the collector did make the correction, that *he re-acknowledged the deed before it was again put to record*. If, as already seen, the deed was void without the recital of the date, etc., so, also, was the acknowledgment of such a deed; and therefore the only way to correct the deed, so far as *mere form* was concerned, was for the collector either to make and acknowledge a new deed out and out, or else to insert the date, etc., in the old deed, and then re-acknowledge it. But this was not done. The defendant, testifying on this point, says: 'After the deed was recorded, I noticed the blank space in the deed. I then presented it to the collector and clerk of the court, and asked to have the blank filled. The clerk looked at the record of the sale and the date of the execution, *and we then put the date in the deed*. Afterwards I again filed the deed for record.' "

Second, defendants say that this attack on the deed was not pleaded in plaintiffs' petition and was not raised in their motion for new trial.

Although the petition made no mention of this defect, that issue was tried by the consent of the parties. Plaintiffs' Exhibit 2, the deed in its original form, and plaintiffs' Exhibit 3, the deed in its re-recorded form, were admitted into evidence without objection and there was testimony concerning them.

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 55.33(b) V.A.M.R. Since this was a non-jury case a motion for new trial was not necessary to preserve any

matter for appellate review, Rule 73.-01(2)(b) V.A.M.R., and the point may be raised on appeal even if it was not mentioned in the motion for new trial. *Monia v. Oberle,* 530 S.W.2d 452, 454[2, 3] (Mo. App.1976) and authorities there cited.

 Since the tax deed was void on its face, it did not start the running of the special statute of limitations of three years contained in § 140.590 V.A.M.S. *Pettus v. City of St. Louis,* 328 S.W.2d 636, 639[2] (Mo.1959). That statute, pleaded in the answer, does not aid defendants.

The petition, in compliance with § 140.600 V.A.M.S., contained an offer to refund to the defendants all taxes paid by them, together with interest thereon from the date of payment of such taxes to the date of the judgment. Paragraph 3 of that statute requires the court, in entering the judgment in favor of plaintiffs, to "find and adjudge by its decree or judgment the amount of money due to the (defendants) . . . on account of taxes or interest thereon paid as aforesaid by (defendants)."

The judgment is reversed and the cause remanded with directions to enter a judgment setting aside defendants' tax deed and vesting title in plaintiffs, conditioned upon a refund to defendants of the taxes and interest and costs in connection therewith as provided in § 140.600 V.A.M.S. *Rudd v. Scott,* 351 Mo. 1206, 175 S.W.2d 774, 776 (1943). It is so ordered.

All concur.